(February 28, 1887.)

## COOPER ET AL. v. KELLOGG ET AL.

[13 Pac. 350.]

PLEADINGS—FINDINGS—JUDGMENT.—Where the findings are responsive to all the material issues raised by the pleadings, and are warranted by the testimony, and they support the judgment and no errors at law appearing, the judgment will be affirmed.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Richard Z. Johnson, William H. Clagett and Albert Allen, for Appellants.

Contradictory findings will not support a judgment. (*Reese v. Corcoran,* 52 Cal. 495; *Manly v. Howlett,* 55 Cal. 94; *Sloss v. Allman,* 64 Cal. 47, 30 Pac. 574; *Carman v. Ross,* 64 Cal. 250, 29 Pac. 510; *Baker v. Riordan,* 11 Pac. C. L. J. 324.) The findings must respond to the issues. Every material issue must be disposed of. (2 Hayne on New Trial and Appeal, sec. 242, p. 723; *Knight v. Roche,* 56 Cal. 15, 25; *Masters v. Lash,* 61 Cal. 623; *Laughlin v. Wright,* 63 Cal. 113; *Boggs v. Smith,* 53 Cal. 88; *Shaw v. Wandesford,* 53 Cal. 300.) Facts not in issue need not be found, and if they are found, the finding is nugatory. (2 Hayne on New Trial and Appeal, sec. 242; *Devoe v. Devoe,* 51 Cal. 543; *Marks v. Sayward,* 50 Cal. 57; *Gregory v. Nelson,* 41 Cal. 284; *Morenhout v. Baron,* 42 Cal. 605.) Under the law, four certain things are to be done in order to perfect a location: "1. . . . . 2. The posting of notice at the place of discovery, giving the name of the lode, the name of the locator and the date of discovery; 3. Marking the surface boundaries of the claim by posts, in the manner pointed out by statute; and 4. Making and recording a location certificate." (*Strepey v. Stark,* 7 Colo. 618, 5 Pac. 111.)

W. W. Woods and W. B. Heyburn, for Respondents.

When no findings appear, and the record does not show whether they were waived, it will be presumed that the court found the facts necessary to support the judgment. (*Glen v.*

*Arnold,* 56 Cal. 631; *Utter v. Eames,* 59 Cal. 5; *Cummins v. Howard,* 63 Cal. 503; *Cole v. Bacon,* 63 Cal. 571.) A material issue may become immaterial so as to require no finding by reason of a finding upon another issue. (*Porter v. Woodward,* 57 Cal. 535; *McCourteney v. Fortune,* 57 Cal. 617. See *Davis v. Drew,* 58 Cal. 152.) Mining prospecting partnerships are valid. (*Boucher v. Mulverhill,* 1 Mont. 306; *Saurtry v. Dunlop,* 12 Wis. 364; *Settenbre v. Putnam,* 30 Cal. 440.) As to prospecting contracts and the law of admissions. (*Welland v. Huber,* 8 Nev. 203.) Legal relations of owner and adventurer. (*Henderson v. Allen,* 23 Cal. 519.) Sale in disregard of outfitter. (*Murley v. Ennis,* 2 Colo. 300.)

HAYS, C. J.—This case is founded upon a contract which was entered into between the plaintiffs and defendant Kellogg, wherein plaintiffs were to furnish said defendant with a prospector's outfit known in miner's parlance as a "grubstake," in consideration of which Kellogg was to do certain prospecting, and to give to plaintiffs a one-half interest in all mining claims discovered by him. Kellogg received the outfit, and did the prospecting. It is claimed by the plaintiffs that Kellogg discovered all of the mining claims for which this suit is brought while working under said contract as a prospector, and that he made location of some of them; but that he afterward, for the purpose of defrauding plaintiffs, procured defendant O'Rourke, without plaintiffs' knowledge or consent, to accompany him, and to take down the location notice put up by Kellogg, and to relocate the premises in the name of O'Rourke. All of which defendants deny, and claim the Bunker Hill, the only claim now in controversy here, was discovered by O'Rourke alone. Upon the trial a jury was called, and special questions submitted to them, upon which they found the facts. The court adopted a portion of their findings of fact, and further found that "on September 10, 1885, Kellogg became the owner, by location, of an undivided one-half interest in the Bunker Hill lode; that at the time he acquired this interest by location, he was under a contract with plaintiffs, by which they were to have a half interest in all mining property located or acquired by him; that plaintiffs were the

owners of one-half of Kellogg's interest in the Bunker Hill acquired by him by location on September 10, 1885; that prior to September 10th, while said contract existed between plaintiffs and Kellogg, Kellogg knew of the existence of mineral-bearing rock on the Bunker Hill mine, and indications of mineral there, as caused him and O'Rourke to locate the same for their joint benefit." And, as a conclusion of law, the court found "plaintiffs entitled to a decree against Kellogg and O'Rourke for an undivided one-fourth interest of the Bunker Hill mine, as they held the same September 10, 1885, and in all interests acquired by them since that date." Judgment was entered in accordance with the findings of fact and conclusions of law.

The findings, we think, cover all the material issues raised by the pleadings, and are sufficient to support the judgment. After a careful examination of the whole case, which is very voluminous, we find it more a question of fact than of law, and upon the question of fact we have no hesitancy in saying we think the findings fully sustained by the evidence. If the defendants, Kellogg and O'Rourke, have acted in good faith, and did not intend to defraud these plaintiffs out of their legitimate interest in the Bunker Hill claim, they are certainly unfortunate in having their transactions, as detailed by themselves, ladened with many badges of fraud. We are unable to see how any impartial mind can arrive at a different conclusion. Their conduct relative to this mine is consistent with this theory, and inconsistent with any other.

We have examined all the assignments of error, and deem it unnecessary to discuss them in detail, inasmuch as we find no error that would warrant a reversal of the judgment. Judgment affirmed.

Broderick and Buck, JJ., concurring.