MARY S. Mc LAREN, RESPONDENT, v. MARONI J. GILLISPIE, R. P. MORRIS. AND ARTHUR FREWIN, APPELLANTS.

*Attorney as Witness — Sec. 3412, R. S. 1898.*

Under Sec. 3412, R. S. 1898, an attorney is a competent witness, and may be sworn and testify on the hearing of a cause wherein he is sole attorney for one of the parties litigant and actively engaged in the trial.

Practice of calling attorneys engaged in the trial of a case as witnesses therein criticized.

(Decided March 25, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. G. Norrell, *Judge.*

Action by plaintiff against defendant Gillispie as constable and his sureties on his official bond, for conversion.

After plaintiffs had rested their case, defendant offered C. S. Patterson, defendant's sole attorney, as a witness. The court on its own motion refused to permit the witness to testify except on condition that he retire from the case as attorney.   This the witness refused to do.

Judgment was rendered for plaintiffs and defendant appealed.   *Reversed.*

*C. S. Patterson, Esq.,* for appellants.

*N. W. Sonnedecker, Esq.,* for respondent.

Miner, J.

The defendant, Gillispie, as constable, levied an execution upon property claimed to belong to James Mc Laren, and sold it as his property.   Thereupon, Mary S. Mc-Laren, wife of James Mc Laren, brought this suit against Gillispie and against Morris and Frewin as sureties on his official bond.   The plaintiff was sworn on the trial on her own behalf.   Upon cross-examination she was asked as to certain statements and admissions made by her as to the ownership of the property, which, if made, were calculated to affect her right to recover in the action.   She denied making the statements.   After the plaintiff had

rested her case, the defendants offered as a witness in their behalf one C. S. Patterson, who was the defendants' sole attorney in the case, and he was sworn and offered to testify in defendants' behalf. Whereupon the court, on its own motion, refused to permit the witness to testify in the case except upon condition that he retire from the case as an attorney. The witness, after consulting with his client, refused to withdraw from the case as attorney for the defendant, and was not allowed to give testimony in the case except on the condition named, to which ruling defendant excepted. Thereupon, defendant offered to prove by the witness Patterson certain facts which tended to contradict her statements, which, if true, were material in the case. The offer was refused upon the same ground as first stated, and the defendant excepted.

We are of the opinion that Mr. Patterson, although an attorney in the case, was a competent witness, and that the court erred in refusing to permit him to testify in the case except on the condition named. The credibility of his testimony and the weight of it was a question for the jury.

Sec. 3412, R. S. 1898, provides that "all persons, without exception, otherwise than is specified in the next two sections, who having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action or proceeding are excluded; nor those who have been convicted of crime; nor persons on account of their opinions on matters of religious belief; although, in every case, the credibility of the witness may be drawn in question, by the manner in which he testifies, by the character of his testimony, or by evidence affecting his

character for truth, honesty, or integrity, or his motives, or by contradictory evidence, and the jury are the exclusive judges of his credibility.''

While we hold that the attorney was a competent witness under the statute of this State, we do not wish to be understood as commending the practice of calling an attorney engaged in the trial of a case as such to testify as a witness. This practice should not be indulged in except in cases where it is absolutely necessary. Cases may arise, however, where it is absolutely necessary that the attorney be called as a witness, but when such exigency arises, and the attorney can safely do so with respect to the interests of his client, he should invariably retire from the case. Judging from the statement of counsel in their brief, the exigency suggested requiring his testimony, arose in this case. See Weeks on Attorneys, page 225, Sec. 124.

The case is reversed and remanded, with direction to the District Court to set aside the judgment and to grant a new trial. Appellant should recover costs.

BARTCH, C. J., and BASKIN, J., concur.