WILLIAM H. FRENCH ET UX. *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Counsel for one party may, within proper limits, question jurors as to their previous association with the attorney for the other side; but the trial court is not bound to make such inquiry, nor to caution the jury against being biased by such alleged connection, especially in the absence of any request to that effect.

While there is no rule of law which positively forbids the judge or associate judge of a court from acting as an attorney in the trial of a cause in that court over which his colleague presides as judge, such conduct is nevertheless an impropriety and in violation of sound professional ethics.

Whether the refusal of the trial judge to call in another judge, under such circumstances, would be ground for a new trial, *quære.*

Submitted on briefs Oct. 31st—decided Nov. 28th, 1899.

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiffs for $1,000 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The District Court of Waterbury has certain concurrent jurisdiction with the Superior Court, within the territorial limits of the district, including towns in two counties. A judge and deputy-judge are appointed by the legislature for the term of four years, in pursuance of an amendment of the Constitution to that effect passed in 1876. The plaintiffs' action was brought by Albert P. Bradstreet, the deputy-judge of the court, who conducted the trial as the plaintiffs' attorney.

Upon the calling of the case for trial the defendant filed the following motions in writing: " 1. The defendant objects, before the impaneling of the jury, to the appearance as counsel of record for the plaintiffs in this case of the present deputy-judge of this court. 2. The defendant objects, before the impaneling of the jury, to the appearance as counsel in fact for the plaintiffs in this case of the present deputy judge of this court." The motion was overruled (*Cowell, J.*), and the defendant duly excepted.

After the jury had taken their places ready to be impaneled, the defendant requested the court in writing, as follows: "The defendant, on the impaneling of the jury in the above-entitled case, requests the court to ask the jury if any of them have served in this court as jurymen during the present term of *Judge Bradstreet* as deputy-judge of this court." The request was refused, and the defendant duly excepted.

The appeal assigns error in the denial of the above motions, and in the omission of the court in its charge to caution the jury against permitting their minds to be biased in favor of the plaintiffs, from the fact that the deputy-judge of the court was acting as attorney for the plaintiffs.

*Greene Kendrick,* for the appellant (defendant).

*Robert A. Lowe*, for the appellees (plaintiffs).

HAMERSLEY, J.  The defendant, for guidance in the use of its peremptory challenges, might, within proper limits, have questioned the jurors as to their former association with the counsel for the plaintiffs; but the court was not bound to interrogate the jury for it.  The omission to caution the jury against being biased by the facts appearing during the preliminary proceedings, especially in absence of any request to that effect, is not error.

The other errors assigned depend on the claim that the court possessed the power and was charged with the duty of preventing Mr. Bradstreet from acting as attorney in this case.

The court had no such power.  It is not claimed that there is any law which forbids an attorney to conduct a case tried before a court of which he is also a member.  The claim made is, that such conduct, where the judge presiding at the trial and the attorney trying the case are both judges of the court, is an impropriety in violation of sound professional ethics.  This is true.  While it is possible that a judge may as attorney try a particular case before his associate judge without injury to any party, yet if such practice were common, if the two occupants of the bench were in the habit of constant mutual interchange of the relative positions of judge and attorney, it is obvious that there would be a professional impropriety which might become intolerable.  It may, therefore, well be considered improper for a judge in any case to appear as attorney before his own court held by his associate.  Thus, with that rule of professional ethics which prevents one from acting as a witness in a case he is conducting as attorney, a single instance of such conduct might be harmless; but if regarded as allowable the possibilities of injury are great, and so every instance is an impropriety.

But such improprieties on the part of an attorney do not of themselves make a mistrial.  The law has heretofore considered the restraining influence of a professional education

and of the opinion of the bar and bench, and the liability to discipline for persistent misconduct, as competent to suppress evils of this character; and this expectation has ordinarily been fully justified.

Perhaps the defendant's assignment of error may be regarded as claiming that the judge who presided at the trial was disqualified. If so, the claim is unsound. It certainly would be difficult, perhaps impracticable, to properly provide for the administration of justice if every condition which might tempt the untrained layman to favor one side or the other should be made by law a judicial disqualification. A judge must be able to follow the line marked out by judicial duty uninfluenced by the side issues that of necessity attend most trials; this ability is of the essence of judicial qualification. If the ability of the judges in this respect cannot on the whole be trusted, the bench can never be trusted. The lack of judicial purity cannot be supplied by restrictive legislation; indeed, such legislation might rather tend to aggravate the evil. And so at common law the maxim that no one shall be judge in his own cause has furnished the main disqualification. More than four hundred years ago this disqualification was recognized (3 Black. Comm. 298, note d; Day v. Savadge, Hob. 85, 87), and no other test has since been added. We have legislated on this subject (§ 838), but all the statutory disqualifications purport to be based on the principle that no one can be at the same time judge and party in interest. While the very nature of his office oftentimes requires a judge to preside at trials that test, and severely test, his power to resist personal bias, yet it is his privilege, and in some cases his duty, to avoid such tests where it may lawfully be done.

As to the case before us, it is apparent that when two judges of the same court are called upon, each in turn, to preside at the trial of cases conducted by the other, the test is one to which a judge would be unwilling to subject himself unnecessarily. The statute has provided a way out of the difficulty. When any cause is pending before the District Court of Waterbury, which the judge and deputy-judge

may consider as improper to be tried or disposed of by said court when held by either of them, a judge of the Court of Common Pleas may be called in to dispose of such case. General Statutes, § 719. Had the defendant asked the court to call in a judge of the Court of Common Pleas for the trial of this case, the judge might properly have granted the request; or, more properly, the deputy-judge might have pursued his remedy in another court. Whether a refusal to provide another judge in such case would be ground for a new trial, is a question not raised by the record, and one which should not hereafter arise.

There is no error in the judgment of the District Court.

In this opinion the other judges concurred.