EDGAR L. ROPKINS *vs.* MICHAEL FRASCATORE.

Third Judicial District, New Haven, June Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A holder for value can recover upon a promissory note given by the maker for the accommodation of a third person, notwithstanding he was aware that the maker received no consideration for the execution of the instrument; and therefore his knowledge or lack of knowledge of that fact is immaterial.

Where the trial court could properly have directed a verdict for the plaintiff, the defendant has no cause to complain of the charge because it "almost" amounted to such an instruction.

In the absence of any statement in the finding to show the relevancy of a question to the issues on trial, its exclusion will not be held erroneous.

It is a breach of professional ethics for an attorney who tries a case to testify as a witness for his client.

Argued June 7th—decided August 4th, 1922.

ACTION by the payee of a promissory note against the maker, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.;* verdict and judgment for the plaintiff for $3,670, and appeal by the defendant. *No error.*

*Frank P. McEvoy*, with whom, on the brief, was *Francis P. Guilfoile*, for the appellant (defendant).

*Edward B. Reiley*, for the appellee (plaintiff).

CURTIS, J. The substituted complaint alleged: "1. On January 13th, 1916, the defendant executed and delivered to the plaintiff his note of that date for $2,800 payable to the order of the plaintiff, on demand, at Hartford, Connecticut, for value received, with interest. 2. Said note is now the property of the plain-

tiff and is due and unpaid." The defendant filed this answer: "The defendant executed the said note referred to in the substituted complaint without consideration and solely for the accommodation of the plaintiff." The plaintiff replied: "So much of the answer as alleges that said note was executed without consideration and solely for the accommodation of the plaintiff is denied." Under this state of the pleadings the case went to trial.

The plaintiff offered evidence tending to prove that prior to January 13th, 1916, he was a brewer at Hartford, and had loaned to Petro Guerro, a licensed keeper of a saloon at No. 23 Union Street, Waterbury, $2,800, and had taken the note of Guerro for that sum, and had attached the license of Guerro for security in a suit against him on the note; that Guerro made arrangements to sell the saloon and the license to the defendant. The defendant then applied to the plaintiff to release his attachment on the license so that it could be transferred to him, and offered to replace the $2,800 note of Guerro by giving his note for a like amount to the plaintiff. The plaintiff accepted the proposal and cancelled his note against Guerro, released his attachment on the license and withdrew his action against Guerro, and the defendant delivered to the plaintiff his note for $2,800 (the note in suit), and procured the transfer of the license to his name. At that time the license was of the value of $5,500. For several years thereafter the defendant owned, and personally conducted, the saloon. The plaintiff made repeated demands on the defendant for interest on the note and also for the payment of the principal, to no effect. He sold beer to the saloon, which was sold to and charged to the defendant.

The defendant offered evidence to prove that the defendant never in fact owned the saloon in question; that he applied for and took the license in his name as a

favor to one Antonio Valerio, who was the real owner of the saloon; that he signed the note in suit and delivered it to the plaintiff to secure the cancellation of Guerro's note for $2,800 to the plaintiff and a release of an attachment of Guerro's license by the plaintiff, at the request of Valerio, to enable him to purchase and conduct the saloon under a license in the defendant's name; that the plaintiff's attorney, Reilly, and salesman, Hurley, both knew that the real purchaser and owner of the saloon was Valerio; that immediately after this note was signed the plaintiff brought an action (other than this one) against the defendant on the note and attached the license as security; that Valerio purchased beer of the plaintiff and paid for it after the transfer of the license to the defendant.

The plaintiff offered evidence tending to prove that neither Reilly, his attorney, nor Hurley, his salesman, knew that the purchaser and owner of the saloon was Valerio.

Under the evidence, the state of facts most favorable to the defendant which could be claimed to have been proved, would be the following: Guerro owned a licensed saloon in Waterbury. One Valerio desired to purchase it, but because of prior arrests could not get a license in his own name. He induced the defendant to agree to take the license in his name and let Valerio conduct the saloon under it. In order to purchase the saloon and license from Guerro, it was necessary to secure the cancellation of a note for $2,800 of Guerro held by the plaintiff, and a release of an attachment of the Guerro license made by the plaintiff to secure that note. Valerio induced the defendant to execute and deliver his note for $2,800 to the plaintiff to secure from the plaintiff the cancellation of Guerro's note for $2,800 to him, and the release of his attachment of the Guerro license. The plaintiff made the cancellation

and released the attachment, in consideration of the receipt of the note in suit. The saloon was then taken over by Valerio, and the license transferred to the defendant, who permitted Valerio to conduct the saloon under it. The plaintiff knew all these facts. Under those facts the note in suit was made by the defendant to accommodate Valerio, and used to accommodate him by procuring the cancellation by the plaintiff of Guerro's note for $2,800 to him, and the release of the plaintiff's attachment upon the Guerro license so that the purchase could be made and the license transferred to the defendant for the benefit of Valerio.

There was no possible basis of a claim, under the facts claimed to have been proved or the evidence, that the defendant executed and delivered the note for the accommodation of the plaintiff. The defendant seems to claim that one who, for value and in due course, takes an accommodation note knowing that it is an accommodation note and without consideration, cannot recover on the note because it was made without consideration to his knowledge. The want of consideration is the peculiar characteristic of accommodation paper. This appears from § 29 of the Negotiable Instruments Act (General Statutes, § 4387), reading: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." The plaintiff's knowledge that the note was without consideration, was, therefore, immaterial. Under the pleadings, the facts claimed, and the evidence, the court could properly have directed a verdict for the plaintiff.

The defendant claims that the charge of the court was

prejudicial to him because it, in effect, was almost a direction to find the issues for the plaintiff. A legitimate criticism of the charge would be that it was erroneous in not directing a verdict for the plaintiff. It was too favorable to the defendant.

On the trial the defendant produced, in chief, Antonio Valerio, and inquired: "Now, Mr. Valerio, did you ever know anything about friends of the real owners of saloons taking the license in their names?" There is no setting to this question in the finding indicating its relevancy to the issues on trial, and it is difficult to conceive how it could be made relevant. There was no error in this ruling.

There was no error in denying the defendant's motion to set aside the verdict, and no prejudicial error in the charge.

It appears from the record that Mr. Reilly, while actively taking part in the case as counsel for the plaintiff, also appeared on the stand as a witness for the plaintiff. This violates § 21 of the Code of Professional Ethics, 82 Conn. 709. We have recently had occasion to comment on such a breach of professional ethics, in *Nanos* v. *Harrison,* 97 Conn. 529, 117 Atl. 803. It is not necessary to repeat the comment, to which we refer.

There is no error.

In this opinion the other judges concurred.