THE ERWIN M. JENNINGS COMPANY, INCORPORATED, *vs.* CARMINE DIGENOVA.

Third Judicial District, New Haven, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

When a prevailing party has, without reasonable cause, untruly pleaded a denial of facts, judgment for costs should not be rendered in his favor without deducting therefrom the reasonable expenses incurred by the other party, as provided in §5638 of the General Statutes.

In an action of replevin to recover possession of an automobile sold by the plaintiff to the defendant under a conditional bill of sale, the defendant offered evidence to prove that on the date of the writ, September 17th, it was agreed between the attorneys for both parties that service should be postponed until the 20th, pending the ascertainment of the balance due from the defendant, and that, although they then reached an understanding that the amount was $60, for which the defendant was to send plaintiff's attorney a check, the car was taken from the defendant before the 20th and her check, which was sent to the plaintiff's attorney on the 28th, was returned with a demand for payment of $118. The plaintiff claimed that, throughout the transaction, it had insisted upon payment of $118 and had at no time agreed to accept the smaller sum in settlement. The jury returned a verdict for the defendant. *Held* that the trial court erred in refusing to set aside the verdict, because, first, the agreement relied upon by the defendant was not specially pleaded and was not, therefore, within the issues and, second, because the defendant, by sending the check on the 28th, had not performed the terms of the agreement within a reasonable time.

A defense to an action, which should be specially pleaded in the answer, cannot be supplied by the allegations of a cross-complaint.

An attorney should never occupy the dual rôle of advocate and witness, except as to purely formal matters or as to material matters which suddenly arise in the emergencies of a trial and as to which his testimony is essential to the ends of justice. If retained in litigation in which he should foresee that his testimony will be indispensable to the proper maintenance of his client's cause, he should resign the trial of the case to other counsel. This rule, embodied in §21 of our Code of Professional Ethics, rests upon sound policy and is designed to raise the profession of the law and the administration of justice in the respect and confidence of the public.

An attorney cannot escape the obligation of this rule by merely leaving the active conduct of the trial to his partner, with whom he is equally responsible for the litigation and in whose fees he will, presumptively at least, command a share.

A violation of this provision of the Code is not an error of law for which a new trial will be granted.

A statement made to a defendant's attorney by a sheriff acting for the plaintiff and within his implied authority, as to whether or not service of the writ had been made at a given time, is not inadmissible hearsay.

An agreement for the settlement of a claim in suit by payment in full together with all costs and expenses, is not inadmissible as an offer of compromise.

Argued January 18th—decided May 4th, 1928.

ACTION of replevin to recover possession of an automobile alleged to be the property of the plaintiff, in which the defendant filed a counterclaim for the return of the automobile and for damages, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Huxford, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellant (plaintiff).

*Hugh J. Lavery,* for the appellee (defendant).

WHEELER, C. J. The complaint alleges that plaintiff was on September 13th, 1926, and ever since has been

the owner of a Hudson automobile of the value of $300, and lawfully entitled to its immediate possession from which defendant wrongfully detains the plaintiff. The plaintiff claims possession of the automobile and $300 damages. The answer is a general denial and a counterclaim that the defendant, at the time specified in the complaint, was and still is the owner of, and entitled to the immediate possession of, the automobile; that the defendant purchased it on a partial payment plan and on September 13th, 1926, tendered plaintiff and its agents the amount due it and requested the agents to inform defendant as to the charges or costs due it in addition to the $35 due on the purchase price; that plaintiff has refused to accept this sum of $35 and has removed the automobile from the possession of defendant and deprived her of the use thereof from the date of replevy; that plaintiff has demanded of defendant the return of the automobile or $75 plus attorneys' and sheriff's fees; that this demand is usurious and is made under threat of depriving defendant of the automobile unless defendant pays this demand which is not in equity and good conscience due but is an attempt to exact a penalty. Defendant claims under her counterclaim a return of the automobile and $250 damages.

Plaintiff answered the counterclaim by a general denial, except that it admitted that defendant purchased the automobile on a partial payment plan, and for a second defense alleged that defendant purchased the automobile under a conditional bill of sale, by the terms of which, upon default of defendant in the payments, the plaintiff should be entitled to retake the automobile; that defendant made such default and plaintiff replevied it in accordance with the conditional bill of sale, and that at no time prior to the replevying of the automobile did defendant tender plaintiff the

balance due. The defendant denied in her reply all the allegations of plaintiff's second defense.

The jury rendered its verdict that defendant recover possession of the automobile and recover $1 damages, and judgment was entered in accordance with the verdict and that defendant recover her costs. Judgment for costs should not have been rendered in favor of defendant without deducting therefrom the reasonable expenses provided for in General Statutes, §5638, since defendant had untruly pleaded denial of facts without reasonable cause. Rules Under the Practice Act, §199.

The reasons of appeal are confined to the denying of plaintiff's motion to set aside the verdict and to certain rulings on evidence. The facts alleged in the complaint are not disputed in the evidence except that the date of the replevy was September 17th instead of September 13th. The defendant offered evidence to prove that plaintiff placed in a deputy sheriff's hands a writ of replevin for this automobile on September 17th, 1926, when $34.13 was due plaintiff from defendant, and that on this day the sheriff agreed with defendant's attorney that the writ would not be served by him until defendant's attorney could communicate with plaintiff's attorney. The attorneys thereupon agreed that the balance due, together with the expenses and costs of the action, would be paid by the defendant in full settlement, and that the service of the writ would be held in abeyance until September 20th, 1926. After this arrangement had been entered into and before September 20th, the sheriff took possession of the car despite the agreement. On September 20th the attorneys agreed that the sum payable under the agreement of September 17th, 1926, was $60, and defendant agreed to send a check for this, and did send plaintiff's attorney a check for $60 on September 28th, which he returned and demanded $118 in settlement. Defendant

has always been ready and willing to carry out this agreement. Defendant claimed she was on September 17th in rightful possession of the automobile and the owner thereof.

The plaintiff offered evidence tending to prove that defendant's attorney had telephoned its attorney on a Saturday afternoon and he agreed he would telephone plaintiff and get the amount plaintiff claimed was due and let him know but as he could not get his client he did not telephone. On Monday, the 20th, he got the figures and gave them to him, $118, made up of $75 for plaintiff, $25 for attorneys' fees, and $18 for sheriff's fees. Subsequently plaintiff's attorney received a check for $60, which sum had never been mentioned between them, and after consulting his client he returned the check. Plaintiff's attorney testified that on the day defendant's attorney first called him on the telephone the automobile had been replevied and the sheriff's return gives this date as September 17th. If the attorneys made the agreement which defendant claims on September 17th, and before service of the writ of replevin, and the defendant had properly pleaded the agreement, service of the writ in violation of the agreement would not have been permissible. But defendant cannot take advantage of the agreement for the reason that she did not specially plead it in her answer. The agreement was not put in issue. Evidence of the agreement came in without objection to its admissibility because not pleaded. Defendant's attorney claimed upon the argument that he had pleaded the agreement in the cross-complaint. He is mistaken in his reading of the cross-complaint; it does not allege the agreement he defended on. Moreover, a defense to an action cannot be supplied by the allegations of a cross-complaint. Had it been pleaded it would not have availed the defendant, since the agreement as claimed by her was

that the writ would be held in abeyance until September 20th, and upon this date it was agreed by the attorneys, as claimed by her, that $60 was the amount due, for which defendant's attorney agreed to send a check. This he did not do until September 29th, which was not compliance with his agreement within a reasonable time. The denial of the motion to set aside the verdict was error.

The defense of the defendant rested wholly upon the testimony of Mr. Finkelstone, an attorney and partner in the firm of Lavery and Finkelstone, as to an agreement made by him with Mr. Morgan of the firm of attorneys representing the plaintiff and appearing in the trial. The plaintiff duly excepted to the ruling admitting this testimony. Mr. Finkelstone did not participate in the trial, Mr. Lavery conducting that. When the action was brought Lavery and Finkelstone entered an appearance for the defendant, signed and filed all pleadings in the firm name as well as the counter-finding, but the brief was signed by Mr. Lavery alone. Mr. Finkelstone knew when his firm was retained to represent defendant that he would be a most important witness in support of defendant's defense, and both he and Mr. Lavery knew that his testimony would be indispensable for all of the six months or more the case was pending in court, and up to the time when the trial began. Mr. Morgan also knew after the cross-complaint was filed that he would be an indispensable witness for the plaintiff. Under these circumstances the Code of Ethics, §21, 82 Conn. 703, 709, and our repeated decisions, discountenanced either Mr. Finkelstone or Mr. Morgan in acting in the trial in the dual capacity of attorney and witness. Our rule is founded upon our belief that it is unfair to the client that his case should be presented through witnesses whom the trier will necessarily treat as inter-

ested, not only through the zeal of advocacy, but also through interest in the result of the trial, instead of as witnesses without self-interest or other zeal than that of the ordinary witness. It is also and primarily founded upon the obvious dictate of public policy, which requires that the profession of the law shall be practiced so as to avoid the bringing of distrust and suspicion upon its members who serve as witnesses in establishing the facts of a complaint or defense, and then as advocates in pressing home to the trier the truth of their statements as witnesses. Our court has always looked with great disfavor upon the giving of testimony by an attorney who is a participant in the trial of the cause in which he is a witness, for the reason that we hold it to be against sound public policy and the integrity and welfare of the profession of the law, that the attorney should be at one and the same time the advocate and material witness for his client. Our Code of Ethics recognizes that the attorney may be an advocate in a cause and at the same time a witness as to "merely formal matters." We recognize, too, that the advocate may be taken unawares in the trial, and in the interest of his client and the cause of justice be compelled to be a witness as to a material matter. He should only take this course in the extreme case. If the situation, in justice to his client, will admit of his withdrawal, "he should leave the trial of the case to other counsel." "Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client." Code of Ethics, §21, *supra.* The conformity of counsel with this requirement of our Code of Ethics and with the decisions of this court, are well illustrated in *Gorman* v. *Fitts,* 80 Conn. 531, 69 Atl. 357, and *Nanos* v. *Harrison,* 97 Conn. 529, 117 Atl. 803. Cases and authorities where the rule we have adopted is approved are: *Ropkins* v.

*Frascatore,* 97 Conn. 708, 712, 118 Atl. 129; *French* v. *Waterbury,* 72 Conn. 435, 437, 44 Atl. 740; *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 350, 71 Atl. 358; *Wilkinson* v. *The People,* 226 Ill. 135, 150, 90 N.E. 699; *McLaren* v. *Gillespie,* 19 Utah, 137, 56 Pac. 680; *State* v. *Greene,* 38 Utah, 389, 418, 115 Pac. 181; *Sebree* v. *Smith,* 2 Idaho, 330, 331, 16 Pac. 915; 4 Wigmore on Evidence (2d Ed.) §1911; 5 Chamberlayne on Evidence, §3653.

The exception to the ruling permitting Mr. Finkelstone to testify as to his agreements with Mr. Morgan does not involve the right of the attorney when actively engaged in the conduct of a case to become a witness in behalf of his client, but the right of an attorney, who is not participating in the conduct of the case, to testify in behalf of his client, whose case is being conducted by his partner, but has been participated in by him up to the trial by having all pleadings signed in the partnership name, and who will, so far as appears, share in the fees obtained by the partnership. If it be a wrong practice for an advocate in the conduct of a trial to be at once the advocate and a witness in the trial, we see no legal or logical difference between the position of a partner who is the advocate in the cause and the partner who is a sharer in the fees obtained but who does not appear as an attorney in the conduct of the case. They are each responsible for the litigation. Professor Wigmore says the most potent reason for the prohibition of the attorney as a witness in behalf of his client lies in the dangerous effect the practice will have upon the public mind, tending to effectively diminish and undermine "the public's respect for the profession and confidence in it." 4 Wigmore on Evidence (2d Ed.) §1911. The public will be apt to think that the lawyer, whether he is an active partner in the conduct of the trial and also a material witness, or an

inactive partner and a material witness, will be inclined to warp the truth in the interest of his client. If this feeling will be more easily generated in the case of the active partner than in the case of the inactive partner, it will only be a question of degree. In either case, the distrust will be created. The rule of prohibition for the inactive partner, as for the active partner, is for his own protection, not because the court thinks that he, in either case, will in fact often be exposed to temptation, but to avoid the appearance of wrong-doing. Integrity is the very breath of justice. Confidence in our law, our courts and in the administration of justice is our supreme interest. No practice must be permitted to prevail which invites toward the administration of justice a doubt or distrust of its integrity. Between the prevention of that and the occasional deprivation of an attorney or a firm of attorneys from a part of his or their prospective fees in a given case there is no choice. The great weight of authority in this country holds that the attorney who acts as counsel and witness, in behalf of his client, in the same cause on a material matter, not of a merely formal character, and not in an emergency, but having knowledge that he would be required to be a witness in ample time to have secured other counsel and given up his service in the case, violates a highly important provision of the Code of Ethics and a rule of professional conduct, but does not commit a legal error in so testifying, as a result of which a new trial will be granted. Note, 49 L. R. A. (N. S.) 422.

A few American authorities hold the admission of the evidence of an attorney under such circumstances to be an error of law for which a new trial will be granted. *Sebree* v. *Smith,* 2 Idaho, 330, 331, 16 Pac. 915; *Pritchard* v. *Henderson,* 3 Pennewill (Del.) 128, 143, 50 Atl. 217; *Wallace* v. *Wilmington & N. R. Co.,*

8 Houston (Del.) 529, 18 Atl. 818; 1 Greenleaf on Evidence (16th Ed.) §254c. The rule in England appears to be that an attorney is incompetent as a witness for his client. *Stones* v. *Byron,* 4 Dowl. & L. 393; *Dunn* v. *Packwood,* 1 Saunders & Cole, 312. Lord Campbell, in his lives of the Chancellors, comments upon the Solicitor General having conducted the prosecution against Sir Thomas More and then offered himself as a witness for the Crown, and says he did this to his eternal disgrace, and to the eternal disgrace of the court which permitted such an outrage on decency. It is not difficult to support the weight of authority in its stern expression in discountenancing the practice of offending against this undoubted rule of professional conduct; it is more difficult to justify the refusal to place in the hands of the trial judge the power to enforce this acknowledged rule of professional conduct by excluding such evidence.

We have followed the weight of authority in holding the impropriety of an attorney so testifying not to be an error of law, so as to make a mistrial, relying upon "the restraining influence of a professional education and of the opinion of the bar and bench, and the liability to discipline for persistent misconduct, as competent to suppress evils of this character." *French* v. *Waterbury,* 72 Conn. 435, 437, 44 Atl. 740; *Kaeser* v. *Bloomer,* 85 Conn. 209, 211, 82 Atl. 112. In view of these authorities, we hold that the trial court did not err in admitting the evidence of the attorney whose firm, through another member of the firm, was trying the case for the defendant. The same rule should prevail whether the attorney is actively participating in the trial, or as a partner inactively participating—in either case he cannot be a material witness when he knew that he must be such in ample time to have obtained other counsel.

There are few cases which involve the right of a partner, who does not participate in the trial, to be a witness upon a material matter which he knew in advance of the trial that he would be required to testify in relation to. *Wallace* v. *Wilmington & N. R. Co.*, 8 Houston (Del.) 529, 18 Atl. 818, supports the view we take. In *Flynn* v. *Flynn*, 283 Ill. 206, 218, 119 N.E. 304, the court sustains the rule we adopt, with a qualification, but holds that the testimony of the partner was not contradicted on material questions. The court held that, "if a partner of his is trying a lawsuit and the witness is to receive a part of the fees he would be influenced somewhat in the same way by his desire to win the lawsuit." But, "if he is not to share in the fees that his partner is to be paid for his services in connection with this litigation, and, as we have already stated, there is nothing in this record to indicate clearly whether or not he is so to share," the testimony of the partner is in accord with professional ethics. We cannot think a matter of so grave public concern as this can be determined satisfactorily by the agreement of the partners that the partner testifying is not to share in the fees resulting from the case in which he testifies. Proof of this fact would not allay the public distrust; it would merely inject into the case another issue concerning the verity of the private agreement of the partners. Further, the presumption that each partner shares in the resulting fees must be drawn until it is affirmatively shown that the facts rebut the presumption, rather than the contrary presumption which we understand the Illinois Supreme Court to draw.

Plaintiff objects to Mr. Finkelstone's testifying as to when the automobile was replevied upon the ground that all of his information upon this point admittedly came from what the sheriff told him. In reliance upon

what the sheriff told him he testified that his first conversation with Mr. Morgan followed his conversation with the sheriff and occurred on September 17th. We do not regard a statement of the sheriff to him as to whether or not he had at a given time made service of the writ as inadmissible hearsay, since the sheriff was acting in behalf of the plaintiff and under the circumstances within his implied authority. Mr. Finkelstone was entitled to rely upon the sheriff's statement that he had not served the writ as a fact and to testify regarding it as an accepted fact.

The objection that the agreement between the attorneys as to the amount defendant should pay was a compromise and for that reason inadmissible, is not well taken. There was no element of a compromise in the arrangement claimed by the defendant to have been made with Mr. Morgan; it was payment in full of all of the claim, together with the expenses and costs of the replevy.

There is error and a new trial is ordered.

In this opinion the other judges concurred.