FRANK SENGEBUSH *vs.* ALBERT C. EDGERTON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 7th—decided June 27th, 1935.

*Philip R. Shiff,* for the appellant (defendant).

*Frederick J. Rundbaken,* with whom was *Morris Blumer,* for the appellee (plaintiff).

*Joseph F. Berry,* for the defendant Edgerton.

MALTBIE, C. J.   The plaintiff, a passenger in a bus of the defendant company, was injured when it came into collision with an automobile driven by the defendant Edgerton.   The two cars were proceeding in opposite directions.   The road was very slippery with ice and snow.   The trial court has found that just prior to the collision the bus was proceeding along the cen-

ter of the highway at a speed of some thirty miles, with its left side to the left of the center line of the highway; that the Edgerton car was proceeding on its own right side of the highway at a speed of about fifteen miles an hour; that Edgerton, fearing with reason that he did not have room to pass, applied his brakes sharply and, when the cars were less than one hundred and fifty feet apart, his car started to skid; that the driver of the bus, when he saw this, turned as far to his right as he could; and that the Edgerton car skidded over to its left side of the highway, the two vehicles colliding there. The trial court concluded that the real cause of the collision was the negligence of the driver of the bus, in view of the conditions, in failing to reduce the speed of his car and seasonably turn to the right so as to give Edgerton half of the traveled portion of the highway in which to pass, and that Edgerton was not negligent. The trial court could reasonably reach the conclusions it did upon the finding as made and no change can be made in it which would materially affect those conclusions.

Within six days after the judgment was rendered the appellant bus company made a motion for a new trial because of newly discovered evidence. Affidavits of three witnesses referred to in the motion were attached to it. At the hearing upon it the trial court requested the appellant to proceed with evidence to establish the allegation in the motion that it had discovered material evidence in its favor, which it failed to discover and was unable to discover before or during the trial, although it had used due diligence. Thereupon the attorney for the appellant stated that he had no witnesses in court upon this issue but offered himself to testify. The trial court, on objection, ruled that he was not a proper witness and refused to permit him to testify. An attorney should not be a witness in the

trial of a case in which he is counsel, unless it becomes necessary in order to prevent injustice where an emergency arises in the course of the trial. *Jennings Co., Inc.* v. *DiGenova,* 107 Conn. 491, 497, 141 Atl. 866. In this instance counsel for the appellant should have been aware that the allegation in the motion was one which, if challenged, he would have to support by evidence and of the rule of professional ethics that he should not himself testify; he cannot claim that there was a situation of emergency within the exception to the rule. Where an attorney has testified in a case in which he also appears as counsel, we do not hold that the admission of that testimony constitutes reversible error, relying upon "the restraining influence of a professional education and of the opinion of the bar and bench, and the liability to discipline for persistent misconduct, as competent to suppress evils of this character." *French* v. *Waterbury,* 72 Conn. 435, 437, 44 Atl. 740. An attorney participating in the trial of a case is not under a legal disqualification to appear as a witness in it. *Carrington* v. *Holabird,* 17 Conn. 530, 540. When the attorney in this case offered to testify, the court could not treat him as disqualified, but the most it could do would be to remind him of the impropriety of his conduct.

The trial court made a finding of facts with reference to the motion. There was no evidence or admissions of counsel at the hearing which would afford a basis for a finding and, as a statement of facts proven relevant to the question of due diligence, it must be disregarded. Aside from the issue of due diligence on the part of the appellant, there was involved in the determination of the motion the question whether, assuming that the persons giving the affidavits would testify in accordance with the statements contained in them, a new trial should be granted. The finding

serves to show the conclusion of the trial court that their testimony would have been merely corroborative and cumulative and would, if admitted at the trial, have made no difference in the result.

A witness, Spitzler, called by the plaintiff, who conducted a garage near the scene of the accident, testified on the trial that at the time it occurred he was in front of the garage and gave evidence as to the facts of the accident, particularly with reference to the bus proceeding in part to its left of the center of the highway and to the fact that, after the accident, its rear was so far to the left that, while other cars could pass, another large bus, a Greyhound, could not get by. During the trial, another witness, called by the appellant, gave testimony contrary to that of Spitzler and stated that, at the time of the accident, Spitzler was not in front of the garage but was inside, where, presumably, he could not have seen the accident. The affidavits of two of the persons claimed to be newly discovered witnesses corroborated this testimony that Spitzler was inside the garage, and also stated that the Greyhound bus did pass the wrecked cars; and the third affidavit stated that the person making it, the driver of another bus, passed the wrecked cars with this bus. There was considerable direct testimony besides that of Spitzler, as well as strong circumstantial evidence, to the effect that the appellant's bus was proceeding in part at least to the left of the center of the highway; and while the evidence was conflicting as to the question whether the Greyhound bus was actually unable to pass the wrecked cars, it was substantially undisputed that it could not do so in safety until the road had been sanded. Under these circumstances we cannot say that the trial court abused its discretion in refusing a new trial because of the corroborative and cumulative nature of the testimony

proposed and because it would not be likely to produce a different result. *Allen* v. *Pearson,* 89 Conn. 401, 94 Atl. 277; *Meriden* v. *Rogers,* 111 Conn. 115, 116, 149 Atl. 406; *Shea* v. *Link,* 117 Conn. 214, 218, 67 Atl. 542. That being so, any error the trial court committed in refusing to permit the attorney for the appellant to testify upon the issue of its use of due diligence is of no moment.

The appellant has made an application to rectify the appeal, stating that the record does not fully present the question as to its use of due diligence to discover the alleged new evidence and as to the probable effect of that evidence, should a new trial be granted. The purpose of the application is not to make the record truly recount the proceedings below but it seeks to import into the record matter relevant to these issues which was never presented to the trial court and asks this court, in part, to find facts upon the basis of depositions submitted. The testimony included in the depositions should have been offered in the trial court and has no place before this court. In passing we note that the appellant's attorney acted as attorney in examining witnesses in the taking of these depositions and then became a witness himself, thus violating the rule of professional ethics which he attempted to violate before the trial court in connection with the motion for a new trial. The application to rectify the appeal is denied.

There is no error.

In this opinion the other judges concurred.