## FIRST NATIONAL BANK OF RICHFIELD SPRINGS
### *vs.*
## MARJORY VANDERVEER

Superior Court     Windham County     File No. 7177

## MEMORANDUM FILED JUNE 12, 1941.

*John B. Sullivan,* of Willimantic, for the Plaintiff.

*John B. Harvey,* of Willimantic, for the Defendant.

O'SULLIVAN, J. This action was heard on October 10, 1940, but the briefs which counsel expressed a wish to submit, were not forthcoming until April. In the meantime a session had intervened between the time of trial and the present which precluded this court from passing upon the litigation. This obstacle has been obviated, however, by a recently filed stipulation executed by the parties whereby each expressly waives all right to challenge the court's authority to render judgment.

The action is based on a note in the amount of $230, dated June 5, 1936, signed by the defendant, payable to the order of Ward Watson and endorsed by him to the plaintiff, a banking institution.

It appears that in 1931, a Doctor W. J. Mitchell of Richfield Springs, New York, bought a Buick automobile from Watson who held the agency for that car in that locality. The purchase price was met, partly in cash and partly by the delivery of the doctor's note payable to Watson. The latter endorsed the note to the plaintiff, which discounted it. Before its maturity, Doctor Mitchell died. Thereupon, the bank notified Watson that he would have to take care of the obligation when it fell due. After unsuccessfully endeavoring to persuade the doctor's widow and his daughter to assume the debt, Watson convinced the defendant, the doctor's granddaughter, that she was under a moral obligation to take over her grandfather's indebtedness "in order not to have anything against his name." No duress or fraud was practiced on her by Watson.

Accordingly, she signed a note payable to Watson for the amount of the original note and this was endorsed to the bank, which then surrendered the doctor's note. During the next five years, the defendant executed about 15 renewal notes with the same payee upon them and all of these were endorsed by him to the plaintiff which then returned the outstanding one. Save on one occasion, the defendant paid the current interest to Watson who, in turn, paid the plaintiff upon each renewal. On the sole exception, the defendant made the payment directly to the bank. The renewal note which has

prompted this litigation was the last one signed by the defendant. It fell due on September 9, 1936, but was not paid. It is still owned by the plantiff. No evidence was offered, one way or the other, that Doctor Mitchell did or did not leave any estate from which his indebtedness could be satisfied.

The only defense of any moment is that which alleges that "the note was given to the said Ward Watson without value or consideration *received by the defendant* which fact was within the knowledge of the plaintiff." Such a defense is no defense at all, because in and of itself it is quite immaterial in an action brought by an endorsee against an accommodation maker that the latter received no consideration. "The want of consideration is the peculiar characteristic of accommodation paper." *Ropkins vs. Frascatore*, 97 Conn. 708, 711. This appears from section 4346 of the General Statutes, Revision of 1930, which reads: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." The party accommodated was Watson and not the deceased, as claimed by the defendant.

The issue which should have been raised is not whether the defendant received or gave any consideration but whether the plaintiff gave any. The answer has limited itself solely to the former. Phrased as it is, the special defense fails, it seems to me, to raise the desired issue. But even assuming that it does, I cannot conclude that the defendant has established by a fair preponderance of the evidence that no consideration moved from the plaintiff. It is our law that the burden of proving an absence of consideration rests on the defendant. *Kessler vs. Valerio*, 102 Conn. 620.

For aught that appears to the contrary, it may have been that, though his estate was not probated, the doctor left sufficient assets to satisfy his obligation. If such were the fact, the surrender by the plaintiff of its right to proceed against the doctor's estate would have been ample consideration to support recovery.

As the statute raises the presumption of value given for the

note, and as the defendant has failed in her proof, judgment must enter for the plaintiff to recover $299 damages.