147 N.J. Super. 53 (1976)
370 A.2d 535
LINDA MacPHERSON PERAZZELLI, PLAINTIFF,
v.
BRUCE J. PERAZZELLI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 22, 1976.
Mr. Ron Martin Kubiak, attorney for plaintiff.
Mr. Saverio R. Principato, attorney for defendant.
*54 LOWENGRUB, J.S.C.
The issue presented in the pretrial motion before this court is novel and a case of first impression in New Jersey. The facts are as follows: Immediately prior to the taking of testimony on the day fixed for trial plaintiff's attorney orally applied to have defendant's attorney disqualified as trial counsel for defendant because plaintiff's counsel planned to call him as a witness to testify to a material fact in dispute. It is alleged by plaintiff that her husband and his counsel are business partners or at least that defendant has a proprietary interest in a business owned and operated by his attorney.
Plaintiff's attorney filed an affidavit wherein he stated he received information that defendant and his attorney were partners in National Abstract Company (National). After he received that information he, among other things, asked defendant's attorney to supply him with information concerning the ownership of the title company. He alleges that defendant's attorney said he was the sole stockholder of the company which had been in existence about six years. Further, that defendant was helping him with the company and that if it "continues to grow * * * at some point in the future * * * he would give Bruce Perazzelli a piece of it." The remaining allegations of the affidavit were to the effect that defendant's attorney would in the future give defendant a stock ownership interest in the title company if the effect of defendant's present efforts on behalf of that company were such that the company became a profitable business venture instead of the unprofitable one it now was, its sole benefit being a tax write-off for defendant's counsel.
In response to the affidavit of plaintiff's counsel, defendant's attorney submitted his affidavit wherein he alleged that defendant is not an employee of his title company and that he "has not earned any income whatever from his association with National." Further, that the complaint was filed prior to February 21, 1975 and that on October 1, 1975, he "entered into a verbal agreement with Mr. Perazzelli to the effect that if he could turn National around *55 for me, I would consider giving him a percentage of the stock ownership of National Abstract Company." The affidavit also stated that his losses in National have not been recovered and that defendant "is not entitled to stock ownership in National Abstract Company." The affidavit concludes with the following statement:
In an effort to permit Mr. Perazzelli to assist me in the operation of National Abstract Company and to permit him to solicit business, I have recently made him a Vice President and have permitted him to sign checks for National Abstract Company.
The 1975 U.S. Small Business Corporation Income Tax Return for National for the fiscal year ending September 30, 1976, and an accountant's report for the same fiscal period, were attached to the affidavit of defendant's attorney. The "stockholder's equity" section of the balance sheet indicated that the capital stock of the corporation consisted of 2500 authorized shares of common no par stock, of which 100 shares were issued and outstanding. The corporation tax return, Schedule K, indicated that the only stockholder named is defendant's counsel and that he holds 100 shares.
Plaintiff's counsel argued that because he was recently retained to represent plaintiff and because he had just learned of the alleged relationship between defendant and his counsel, he ought to be permitted to take further discovery on the issue raised; namely, the interest of defendant in the title company vis-a-vis its inclusion for purposes of equitable distribution.
At the outset it must be made clear that it is not the function of this court to determine, at this time, the truth or falsity of the allegation of a business relationship between defendant and his counsel. That is an issue of a material fact disputed between the parties and the determination of that fact must abide the conclusion of a plenary hearing.
*56 The issues to be determined at this time may be stated thus:
1. May an attorney continue to represent a client, as trial counsel, where it is learned on the day fixed for trial that the attorney will be called to testify by the adverse party as a witness on behalf of his client?
2. Does this court have the jurisdiction to disqualify an attorney as trial counsel where the attorney will testify on behalf of his client?
I find that the answer to the first must be in the negative and the answer to the second in the affirmative.
DR 5-102(A) provides:
If, after undertaking employment in contemplated or pending litigation, a lawyer learns or believes that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue in the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).
Subparagraph (B) of DR 5-102 treats the situation where a lawyer learns or believes that he may be called as a witness other than on behalf of his client. I do not find the latter section to be apposite in this case. While it is contemplated that defendant's attorney will be called as a witness by plaintiff, his testimony will be, as evidenced by his affidavit, "on behalf of his client"; viz., that his client did not have an equity interest in his title company as of the date of the filing of the complaint. Whether the testimony is elicited on plaintiff's or defendant's case is not critical. The testimony is given by the attorney as a witness "on behalf of his client" vis-a-vis the issue of the inaudibility of assets for equitable distribution, an issue that is contested by the parties. See Informal Decision 591 of the Standing Committee on Professional Ethics of the American Bar Association (March 6, 1963), holding that counsel must withdraw from a case as trial counsel once it appears *57 that he may become a material witness to material facts, if called by his adversary.
DR 5-101(B) (1), (2) and (3) are inapposite to this case by definition. They are not applicable to testimony regarding controverted facts. Rather, they are addressed to the giving of testimony by trial counsel as a witness to an uncontested matter, where facts are uncontroverted or testimony as to the value of services rendered by counsel. Subparagraph (4) of DR 5-101(B) provides that a lawyer may testify:
As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
A review of the complaint discloses that the cause of action for dissolution of the marriage is based on a 12-month desertion. In addition to the dissolution of the marriage, plaintiff seeks alimony, child support, equitable distribution of marital assets, counsel fees and costs.
The answer is a general denial of the allegations serving as a basis for the cause of action for the dissolution of the marriage and of the inability of plaintiff to support herself. The pleadings filed subsequent to the complaint for pendente lite relief do not evidence any facts or issues which are in the least complicated. The facts in this case which are involved in the issues of equitable distribution and alimony are such that any competent counsel of defendant's choice could properly present them to the court in the best interest of defendant. The issues are not complicated to the end that they would require the special expertise of defendant's present attorney. The facts are not of such complexity that no attorney but defendant's present counsel would be able to thoroughly familiarize himself with them and properly try this case. This court does not find that substantial hardship will result to defendant should defendant's present counsel be ordered to relinquish his role as trial counsel.
*58 The primary ethical objection to an attorney's testifying on behalf of his client as to a contested issue is that the client's case will be, at least as to the testimony of the lawyer, presented by an obviously interested witness whose testimony is subject to being impeached on that ground. The attorney, therefore, is put in the unseemly position of having to argue his own credibility. The fact that a witness may be interested in the outcome of a case does not mean that he will not testify honestly, factually and forthrightly. It does not mean that he will color or slant his testimony. However, by the very fact that trial counsel has an interest in the outcome of the litigation, the weight and credibility of his testimony is put in issue and in some cases the effect will be detrimental to the client. Therefore, the Code of Professional Responsibility generally requires that if trial counsel is to be a witness for his client, he should fulfill that role and not diminish the weight of his testimony by also being trial counsel. See Informal Decision 591, supra.
The client's need for the testimony from a disinterested source, and the client's entitlement to an advocate whose effectiveness cannot be impaired because of his advocate having been a witness as to contested issues are the foundation of DR 5-102(A) and DR 5-102(B). [Formal Opinion 339 of the American Bar Association Committee on Ethics and Professional Responsibility (January 31, 1975).]
The opposing attorney may also be handicapped in challenging the credibility of his adversary, qua witness. Id. See also dictum in International Electronics Corp. v. Flanzer, 527 F. 2d 1288, 1294 (2 Cir.1975).
As heretofore stated, the requisite factors are not present in this matter either as to the contested facts or the issues of law involved which would compel this court to conclude that there is such an exceptional situation present before the court that the disadvantage to the client is so great that his present trial counsel must be retained.
There is another equally cogent reason for the disqualification of defendant's present counsel from pursuing his *59 role as trial attorney  that is the effect of his dual role in the eyes of the public.
Even though his zeal as a lawyer might not influence his testimony as a witness, an ever critical public is only too apt to place such a construction upon it. A lawyer should avoid not only all improper relationships but should likewise, in order to maintain the profession in public confidence and esteem, avoid all relationships which may appear to be improper. Opinion 49. [Formal Opinion 50 of the American Bar Association Committee on Professional Ethics (December 14, 1931).]
See also Opinion 233 of the Advisory Committee on Professional Ethics of the New Jersey Supreme Court.
Integrity is the very breath of justice. Confidence in our law, our courts, and in the administration of justice is our supreme interest. No practice must be permitted to prevail which invites toward the administration of justice a doubt or distrust of its integrity. [6 Wigmore, Evidence § 1911 at 779 (Chadbourn Rev. 1976), citing Erwin M. Jennings Co. v. DiGenova, 107 Conn. 491, 492-500, 141 A. 866, 867-869 (1928)].
There is probably no area of the law which raises as many doubts and seeds of distrust as are presented when spouses contest the existence or availability of assets subject to equitable distribution. Here plaintiff not only alleges that her husband has an asset that is subject to equitable distribution, which he denies but the asset claimed is an alleged equity interest in a business entity in which defendant and his trial counsel are alleged to be partners. How suspect the very circumstances are as viewed by plaintiff. It is that appearance which the court must carefully and prudently weigh vis-a-vis permitting trial counsel to testify as well as be an advocate in this case. The Code of Professional Responsibility, as heretofore cited, DR 5-102 (A), prohibits defendant's present attorney from continuing in his role as trial counsel.
The cases of Callen v. Gill, 7 N.J. 312 (1951), and Kridel v. Kridel, 85 N.J. Super. 478, 486-488 (App. Div. 1964), are inapposite. In both cases the testimony by trial *60 counsel was offered after the trial or hearing commenced. In both cases it was held that in the procedural posture then before the court it was not error to have permitted the testimony. It was, however, recognized in Kridel that Callen referred to the Canons of Professional Ethics, § 19, which was made applicable to the bar of this State by then R.R. 1:25. The Callen court, although recognizing that it could not find an instance where the testimony of a lawyer was rejected by the court, did recognize that the practice was disapproved.
In this case the trial has not commenced. The problem is presented and must be resolved by the court. R. 1:18 of the Rules Governing the Courts of the State of New Jersey provides:
It shall be the duty of every judge to abide by and to enforce the provisions of the Canons of Professional Ethics, ... and the provisions of R. 1:15 and R. 1:17.
The comment to R. 1:18 states "that the reference to the Canons of Professional Ethics should be read as the `Disciplinary Rules of the Code of Professional Responsibility' and the reference to the Canons of Judicial Ethics should be read as `Code of Judicial Conduct.'" Pressler, Current N.J. Court Rules, Comment to R. 1:18. This court has the jurisdiction and the obligation to compel the enforcement of the disciplinary rules.
Suffice it to say, I find that the representation by defendant's trial counsel as trial counsel, shall not continue for the reasons expressed.