[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint is in two counts. The first count alleges that the defendant breached a contract for the repair and maintenance of a gas furnace. The second count alleges that the defendant was negligent in failing to properly identify and diagnose a problem with the plaintiff's furnace and in failing to adequately inform the plaintiff of the problem.
The defendant did have a contract to repair and maintain the plaintiff's gas furnace. That contract, if in writing, was not offered in evidence, nor was there evidence as to its terms. However, "as a general rule, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. . . . With respect to the skill required of a person who is to render services, it is a well-settled rule that the standard of [care] . . . is that degree of skill, efficiency, and knowledge which is possessed by those of ordinary skill, competency, and standing in the particular trade or business for which he is employed. . . . Where skill as well as care is required in performing the undertaking, he is bound to exercise due and ordinary skill or, in other words, to perform in CT Page 11546 a workmanlike manner. In cases of this sort he must be understood to have engaged to use a degree of diligence and attention and skill adequate to the performance of his undertaking." 17A Am.Jur.2d, Contracts, § 628. However, he does not become a guarantor of the results. Id., p. 637.
With respect to the plaintiff's claim of negligence, the standard is that the defendant, as an expert, was required to use that degree of care which a similarly skilled person of ordinary prudence would have used under the same or similar conditions.Calderwood v. Bender, 189 Conn. 580, 584 (1983). "The greater the likelihood of danger is, however, the greater is the amount of care required . . . to meet the standard of care." Long v. SavinRock Amusement Co., 141 Conn. 150, 153 (1954). Here, the events transpired in the dead of winter, when, if the plaintiff's furnace did not function, there was a great likelihood that the water in the pipes in his home would expand as it froze, causing the pipes to rupture and resulting in the plaintiff's home being flooded.
Cognizant that the defendant was duty-bound to employ this degree of care, the court nonetheless concludes that the defendant neither breached its contract with the plaintiff nor was negligent.
The plaintiff telephoned the defendant and advised its receptionist/dispatcher that when his thermostat was "calling for heat . . . the furnace was not on" and failed to ignite. He opined to that recipient of his call that "the ignition for the furnace . . . was not firing properly" and he requested that his furnace be serviced. A service man was dispatched and repeatedly checked out the furnace. While the information imparted by the plaintiff was not relayed verbatim to the service man, there is no evidence that the service man would have or should have done anything differently had he been given the plaintiff's comments verbatim.
The defendant's service man also testified that had he known that the furnace was shutting down when it was on and that in order to get it to function again the plaintiff had to turn the switch on and off,[1] he "would have condemned the valve" and replaced it. Indeed, after the furnace finally failed while the plaintiff was away on vacation, the valve did have to be replaced when the furnace was repaired. However, this information was not relayed to the defendant by the plaintiff.
"Under the facts of this case, in the absence of expert CT Page 11547 testimony explaining how the work performed . . . failed to comply with `that degree of care which a skilled [person] of ordinary prudence would have exercised under the same or similar conditions' . . . and how that negligence caused the damages complained of, a factfinder could not properly have inferred this fact." D'Esopo Co. v. Bleiler, 13 Conn. App. 621, 625-626 (1988).
In its answer, the defendant denied that it had a contract with the plaintiff for the repair and maintenance of the plaintiff's gas furnace. At trial, the plaintiff established through himself and the defendant's repairman that there was such a contract and that there was no reason why the defendant should have denied that fact. The plaintiff requested expenses for proving that fact, pursuant to Practice Book § 111.[2] Based on the uncontroverted evidence, the denial is found to have been made without reasonable cause and to have been untrue. That judgment is to be rendered for the defendant is not a defense to a violation of Practice Book § 111. See Jennings Co., Inc. v. DiGenova,107 Conn. 491, 494 (1928). However, the plaintiff failed to prove what expense, if any, he incurred in proving that he had a service and maintenance contract with the defendant. Since Practice Book § 111 provides only for the payment of "reasonable expenses" and not "damages", the court cannot award nominal damages for an offense under § 111. "Expense" is defined as "something expended . . . financial burden or outlay." Webster's Seventh New Collegiate Dictionary (1971); American Heritage Dictionary (2d Ed.) ("Something paid out . . . [s]omething given up. "); see Statev. Proto, 203 Conn. 682, 701 (1987). Nor does that section of the Practice Book authorize the imposition of a fine. Compare General Statutes § 51-84(b).[3] If the plaintiff wishes to adduce evidence of such expense, he may do so at such time, if any, as the defendant seeks to recover its costs. Jennings Co., Inc. v.DiGenova, supra.
"It was the plaintiff's burden to prove his own case by a preponderance of the evidence." Vigorito v. Alard, 143 Conn. 70,71 (1955). He has not done so. Judgment may enter for the defendant.
BY THE COURT
Bruce L. Levin Judge of the Superior Court