**OMNI DEVELOPMENTS, INC., Plaintiff,**

v.

**Hal PORTER, Robert Lee Shapiro, and Martin Perry, Defendants.**

No. 78–8295–CIV–CF.

United States District Court,
S. D. Florida.

Nov. 6, 1978.

---

John Kozyak, Mahoney, Hadlow & Adams, Miami, Fla., for plaintiff.

Thomas E. Kingcade, Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, P. A., Palm Beach, Fla., for defendants.

## ORDER

FULTON, Senior District Judge.

This cause came before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction, as well as several additional motions and objections to discovery, and on plaintiff's motion to disqualify defendant's attorneys. On November 2, 1978 the Court entered an Order in this cause permitting James Baber to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. A hearing on plaintiff's motion for an injunction consolidated with trial on the merits pursuant to Rule 65(a) is set for December 18, 1978.

## MOTION TO DISQUALIFY THE LAW FIRM OF LEVY, PLISCO, PERRY, SHAPIRO, KNEEN AND KINGCADE

Robert Lee Shapiro and Martin Perry, two of the three defendants in this action, are represented by Thomas Kingcade, Esq. Messrs. Shapiro, Perry and Kingcade are all partners in the law firm of Levy, Plisco, Perry, Shapiro, Kneen and Kingcade. Messrs. Shapiro and Perry have, in effect, retained their partner to represent them in this action. The defendants, in their memorandum in opposition to the motion for disqualification, state: "[b]oth Robert Lee Shapiro and F. Martin Perry are assuming the role of 'party/witness' in the present litigation". Disciplinary Rule 5–102(A) of the Code of Professional Responsibility approved by the Supreme Court of Florida provides:

> If . . . a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm shall . . . not continue representation in the trial.

The language of DR 5–102(A) could not be clearer. It requires withdrawal of the law firm if a lawyer in the firm is to be called as a witness. This effectively precludes the arrangement whereby a lawyer serves as counsel for his fellow partners.

Defendants attempt to draw the distinction between a party-lawyer and an advocate-lawyer, arguing that Mr. Kingcade is the advocate and his partners are the parties and that this somehow is outside the scope of DR 5–102(A). This interpretation finds no support in the Canons of Ethics. In addition, the cases cited by defendants do not support this distinction. The case of *Marler v. Barr*, 248 So.2d 183 (Fla.) cited by defendants does not involve an attorney client issue at all. The case from which defendant quotes yet fails to cite, *Hill v. Douglass*, 248 So.2d 182 (Fla. 1st DCA 1971), simply reaffirms the danger implicit in "the identification of the lawyer with his client". *Id.* at 183. That danger is not lessened by labels such as "party-lawyer" and "advocate-lawyer".

The Second Circuit recently rejected the notion of building a "chinese wall" within a law firm in an effort to shield part of the firm from another part. *Fund of Funds Ltd. v. Arthur Anderson & Co.*, 567 F.2d 225, 229 n. 10 (2d Cir. 1977). In the present case defendants cannot avoid the prohibition of Canon 5 by simply labeling one partner as the client and another as the advocate. The defendants' statement that they will appear as witnesses in this cause is sufficient to require that they retain new counsel.

◼ As an alternative grounds for disqualification, the Court notes that plaintiff has alleged that the law firm of Levy, Plisco *et al.*, represented plaintiff in the purchase of the property which is the subject of the pending litigation. That assertion, if established, would also mandate the disqualification of the Levy firm. *See* DR 4–101, EC 4–5 Florida Code of Professional Responsibility.

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant argues that the entry of James Baber into this law suit pursuant to Rule 24(a) defeats the subject matter jurisdiction of this Court. The basis of jurisdiction is diversity of citizenship. Plaintiff is a Georgia corporation with its principal place of business in Georgia. Defendants Porter, Shapiro and Perry are citizens of Florida. The intervening party, Mr. Baber, is also a citizen of Florida.

◼ 28 U.S.C. § 1332(a)(1) confers District Courts with jurisdiction in cases where the amount in controversy exceeds $10,000., exclusive of interests and costs, and is between citizens of different states. This statute and its predecessors have consistently been interpreted as requiring complete diversity between plaintiffs and defendants. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). In the present action, defendants Porter *et al.* and intervenor Baber are all citizens of Florida. The issue is, therefore, whether the entry of a non-diverse party pursuant to Rule 24(a) defeats the Court's jurisdiction over the entire

cause. The Court concludes that it does not.

◼ Plaintiff, Omni, asserts that the Court may entertain Baber's claim under the doctrine of ancillary jurisdiction. Ancillary jurisdiction, like the doctrine of pendant jurisdiction, permits a court to dispose of an auxiliary claim which it would not have jurisdiction over, but for the fact that the auxiliary claim is an outgrowth of a dispute over which the Court does have independent jurisdiction. The law of this Circuit is settled that a claim brought under Rule 24(a) is appropriate for the exercise of ancillary jurisdiction. *Smith Petroleum Service Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970); *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974); *Lenz v. Wagner*, 240 F.2d 666, 669 (5th Cir. 1957); *see also Kozak v. Wells*, 278 F.2d 104 (8th Cir. 1960).

The recent case of *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) suggests that further inquiry may be necessary. In that case an Iowa plaintiff sued a Nebraska defendant on a tort claim. Federal jurisdiction was based on diversity of citizenship. The defendant in the case impleaded an Iowa third party defendant. The original plaintiff then amended her complaint and brought an action against the third party defendant. The original defendant then successfully moved for summary judgment on plaintiff's claim, leaving only the Iowa plaintiff and the Iowa defendant in the action. The Court held that diversity jurisdiction was lacking.

The Court in *Kroger* noted that the party asserting diversity jurisdiction must overcome two hurdles: one constitutional and the other statutory. While a Court might have the "power" to dispose of a claim under Article III of the Constitution, the Court does not have jurisdiction if complete diversity is lacking, as was the case in *Kroger*.

An expansive reading of *Kroger* would preclude a Court from entertaining a non-

federal claim whenever complete diversity is lacking. Yet to construe *Kroger* that broadly would, in effect, destroy the doctrine of ancillary jurisdiction. Such a result was not intended by the Court. Rather, the holding in *Kroger* ultimately rests on the fact that the remaining claim in the lawsuit was simply not ancillary to the federal claim in that its relation to the original complaint was one of "mere factual similarity" rather than "logical dependence". *Id.* at 2404. Certain claims which are logically dependant to the central issue in the lawsuit have traditionally been recognized as appropriate for invoking ancillary jurisdiction.[1] The claim of an intervenor as of right is one such claim. The Court concludes that *Kroger* does not change the law on this question. The entry of Mr. Baber into this lawsuit does not destroy diversity jurisdiction.

### REMAINING MOTIONS

Defendant has filed a motion to "remove and refile" plaintiffs complaint on the grounds that this case was filed in Miami rather that West Palm Beach. Pleadings and motions in all cases in this District may be filed in the Clerk's office most convenient to the parties, irrespective of which judge is assigned to the case. Defendant's motion is entirely without merit.

Defendant has objected to interrogatories filed by the plaintiff. The objections are based on considerations of materiality, relevancy and admissability. No claim of privilege is asserted. This is not the appropriate stage of this litigation for objections based on admissability. Defendant is ORDERED to respond to plaintiffs' interrogatories or state the reasons why a response cannot be given.

It is therefore, ORDERED and ADJUDGED that plaintiff's motion to disqualify the law firm of Levy, Plisco, Perry,

Shapiro, Kneen & Kingcade is granted. Defendants are instructed to obtain new counsel who shall file notice of appearance with the Court within 10 days or the entry of this ORDER.

It is ORDERED and ADJUDGED that defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

---

1. The list of such claims includes: compulsory counterclaims brought under Rule 13(a), *Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 714–715 (5th Cir. 1970); compulsory crossclaims brought under Rule 13(g), *Childress v. Cook*, 245 F.2d 798 (5th Cir. 1957); impleader actions under Rule 14(a), *Warren G. Kleeban Engineering v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974), at least with respect to the initial claim against the third party defendant; and claims by intervenors as of right, *Smith Petroleum Service Inc. v. Monsanto Chemical Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970).