**Lancelot THEOBALD, Plaintiff,**

v.

**BOTEIN, HAYS, SKLAR & HERZBERG, Defendant.**

**No. 78 Civ. 0850 (CLB).**

United States District Court, S. D. New York.

Feb. 15, 1979.

Jose A. Rivera, Brooklyn, N. Y., for plaintiff.

Botein, Hays, Sklar & Herzberg, pro se.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

In this Title VII action brought pursuant to 42 U.S.C. § 2000e, *et seq.* plaintiff has moved for an order disqualifying the defendants who are a law firm practicing as a partnership from representing itself in this action on the grounds that one or more of the partners, including the counsel of record, will be called as witnesses herein, and such representation by the defendant will violate Disciplinary Rule 5–102(A).

Plaintiff is a former employee of the defendant law firm, a partnership, sued as such. It is conceded that members of that firm will have to testify on the trial of this action.

DR 5–102(A) provides in relevant part as follows:

"DR 5–102. *Withdrawal as Counsel When the Lawyer Becomes a Witness*

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

Title 28 of the United States Code, § 1654 reads as follows:

"§ 1654. *Appearance Personally or by Counsel*

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

This defendant law firm is a party. The statute expressly permits it as such to defend the case by members of its organization, including some who would be called as witnesses. This clear statutory provision cannot be set aside by provisions in codes of professional responsibility which are adopted by bodies lacking legislative or judicial power.

To the extent that the case of *Omni Developments, Inc. v. Porter*, 459 F.Supp. 930 (S.D.Fla.1978), relied on by movant, is to the contrary, this Court regards that case as having been incorrectly decided, and declines to follow it. Possibly the case can be distinguished in that the *Omni* action was not brought against the law firm partnership as such, as here, but rather was directed against two partners of the firm who sought to be represented by other partners.

The motion is denied.

So Ordered.