## M. Donald Cardwell *v.* Frank W. Russo

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 292068
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed August 22, 1984

*Cardwell, Cardwell & Smoragiewicz,* for the plaintiff.
*Michael C. Budlong,* for the defendant.

L. DORSEY, J. The plaintiff, an attorney, brought this action for money damages based on a contract entered into with the defendant. The plaintiff is represented by an attorney employed by the plaintiff's firm. It is expected that the plaintiff as well as various partners in his firm will be called as witnesses during trial. The defendant has moved to disqualify the plaintiff's attorney.

Our Code of Professional Responsibility contains the following provision: "DR 5-102 WITHDRAWAL AS COUNSEL WHEN THE LAWYER BECOMES A WITNESS. (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that

he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B)."

Here, it has been averred that the plaintiff's attorney is contemplating calling as a witness a member or members of his firm to testify in support of the plaintiff's action. The plaintiff's memorandum in opposition to the motion does not dispute this averment. Therefore, the provisions of DR 5-102 apply, and the motion should be granted unless one of the exceptions contained in DR 5-101 (B) applies. DR 5-101 (B), reads in part, as follows: "(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify: (1) If the testimony will relate solely to an uncontested matter. (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony. (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client."

It does not appear that any of the above-cited exceptions are applicable under the facts of this case. The allegations of the complaint are contested by the defendant; it is anticipated that the witnesses will testify in support of the plaintiff's allegations; and such testimony will not likely relate to the value of legal services rendered by the plaintiff's attorney.

In this case, the plaintiff's counsel does not intend to take the stand as a witness. Therefore, neither the

Code of Professional Responsibility nor the case law raise any ethical restrictions upon the ability of the plaintiff's associate to represent him in this matter. The fact that the plaintiff, a principal in the firm which employs his attorney, is expected to testify does not raise the same credibility problems associated with a situation in which an attorney participating in a case anticipates taking the witness stand on behalf of his client. See *Bottaro* v. *Hatton Associates,* 680 F.2d 895, 897 (2d Cir. 1982); *State* v. *Rapuano,* 192 Conn. 228, 231, 471 A.2d 240 (1984); *Farrell* v. *Farrell,* 182 Conn. 34, 37 n.2, 438 A.2d 415 (1980); *State* v. *Blake,* 157 Conn. 99, 102, 249 A.2d 232 (1968); *Miller* v. *Urban,* 123 Conn. 331, 334, 195 A.2d 193 (1937); *Sengebush* v. *Edgerton,* 120 Conn. 367, 370, 180 A.2d 694 (1935); *Nanos* v. *Harrison,* 97 Conn. 529, 530, 117 A.2d 803 (1922).

Both the code and the case law, however, discourage members of the participating lawyer's firm from testifying on behalf of the client. The Connecticut Supreme Court has held that the rules proscribing a lawyer from testifying in a case in which he represents one of the parties apply equally to prospective witnesses who are members of the participating lawyer's firm. See *Jennings Co.* v. *DiGenova,* 107 Conn. 491, 500, 141 A. 866 (1928). "Professor Wigmore says the most potent reason for the prohibition of the attorney as a witness in behalf of his client lies in the dangerous effect the practice will have upon the public mind, tending to effectively diminish and undermine 'the public's respect for the profession and confidence in it.' . . . The public will be apt to think that the lawyer, whether he is an active partner in the conduct of the trial and also a material witness, or an inactive partner and a material witness, will be inclined to warp the truth in the interest of his client." Id., 498–99. While *Jennings* was decided well before the adoption in Connecticut of the

Code of Professional Responsibility, the *Jennings* holding is expressly embodied in the provisions of the code as it now exists. See Code of Professional Responsibility DR 5-101 (B) and DR 5-102 (governs participating lawyers as well as "a lawyer in his firm").

The Connecticut Supreme Court has stated that the test for determining whether the court should disqualify an attorney is whether "there is an actual violation or [whether] there is a substantial likelihood that a disciplinary rule will be violated." *State* v. *Rapuano,* 192 Conn. 228, 233, 471 A.2d 240 (1984). This court finds that there is a substantial likelihood that members of the plaintiff's firm will testify in this case.

The defendant's motion to disqualify counsel is granted.