768 F.2d 1194
 54 USLW 2101
 In re AMERICAN CABLE PUBLICATIONS, INC., Debtor.
Matthew D. SKEEN, Trustee, et al., Plaintiff
v.
CHASE MANHATTAN BANK, et al., and Defendants,
Cable T.V. Magazine, Inc., Intervenor-Defendant-Appellee.
Oliver E. FRASCONA, Defendant and Third Party Plaintiff-Appellant
v.
Paul GASTON, et al., Third Party Defendants,
William J. Wipperfurth, et al., Third Party Defendants-Appellees.
 No. 84-2273.
 United States Court of Appeals,
Tenth Circuit.
 July 26, 1985.
 
 Oliver E. Frascona, Boulder, Colo., pro se.
 Curt Krechevsky (Gordon G. Greiner with him on the brief) of Holland & Hart, Denver, Colo., for third party defendants-appellees.
 Before McKAY, LOGAN, and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Oliver E. Frascona, a lawyer, is a defendant and third-party plaintiff in a dispute arising out of contractual dealings whereby a cable television publication corporation purchased the assets of another such corporation. Frascona is a principal in the purchasing corporation as well as the attorney who negotiated the purchase. The case has been in litigation for over two years and, according to the docket sheet and representations made at oral argument, is scheduled for a jury trial on September 23 of this year.
 
 
 2
 Initially Frascona was represented by Sherman & Howard, a law firm in Denver, until it withdrew as counsel in May 1983. Frascona then hired his own law partner to represent him. In December 1983 other parties to the suit moved to disqualify Frascona's law partner based upon Disciplinary Rule 5-101(B) of the Code of Professional Responsibility. The trial court granted that motion on August 17, 1984. Shortly thereafter Frascona filed a notice of an interlocutory appeal to this court, apparently relying on dicta in New Mexico v. Aamodt, 537 F.2d 1102, 1106 (10th Cir.1976), cert. denied, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 572 (1977), and decisions in other circuits permitting interlocutory appeal from an order of attorney disqualification in a civil case.
 
 
 3
 We heard oral argument on this matter less than a week before the Supreme Court released its decision in Richardson-Merrell, Inc. v. Koller, --- U.S. ----, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), which held that orders disqualifying attorneys are not immediately appealable under the collateral order exception to the final judgment rule. That opinion did recognize that a writ of mandamus, in the exceptional circumstances for which that relief is designed, remains a proper means to consider an attorney disqualification order on an interlocutory basis. See --- U.S. at ----, 105 S.Ct. at 2763.
 
 
 4
 We treat this appeal as an application for a writ of mandamus because we are convinced the trial court erroneously decided an important principle of law that affects not just Frascona but all lawyer-litigants who choose to be represented by their law partners. See, e.g., State Farm Mutual Auto Ins. Co. v. Scholes, 601 F.2d 1151, 1154 (10th Cir.1979). This is not the ordinary lawyer disqualification case in which the outcome turns on fact findings regarding the lawyer's conduct in the case. For these reasons, we believe the case presents the type of "exceptional circumstances" that justify mandamus relief: (1) we are convinced that a lawyer has a clear legal right to be represented by his law partner; (2) the district judge had a peremptory duty to deny the motion to disqualify Frascona's law partner based solely on his affiliation with Frascona; and (3) under the circumstances there is no other adequate remedy available. See Hadley Memorial Hospital, Inc. v. Schweiker, 689 F.2d 905, 912 (10th Cir.1982).
 
 
 5
 We understand how the trial court may have been misled on the proper rule to apply in ruling on the disqualification motion. A literal reading of DR 5-101(B) (and the related provision, DR 5-102(A) ) plausibly supports the trial court's interpretation.[1] The only case cited to the court that was directly in point is virtually the only decision ruling as the trial court did. See Omni Development, Inc. v. Porter, 459 F.Supp. 930, 931-32 (S.D.Fla.1978). Cf. Gasoline Expressway, Inc. v. Sun Oil Co., 64 A.D.2d 647, 407 N.Y.S.2d 64, 65 (App.Div.1978), aff'd, 47 N.Y.2d 847, 392 N.E.2d 572, 418 N.Y.S.2d 585 (1979) (sole owner of corporate party disqualified from representing corporation); Acme Analgesics, Ltd. v. Lemmon Co., 602 F.Supp. 306 (S.D.N.Y.1985) (law firm of majority shareholder/officer/lawyer disqualified). Many courts that have considered this issue have rejected the trial court's conclusion. See Bottaro v. Hatton Associates, 680 F.2d 895, 897 (2d Cir.1982); International Electronics Corp. v. Flanzer, 527 F.2d 1288, 1294 (2d Cir.1975); Theobald v. Botein, Hays, Sklar & Herzberg, 465 F.Supp. 609, 610 (S.D.N.Y.1979); Harrison v. Keystone Coca-Cola Bottling Co., 428 F.Supp. 149, 152-53 (M.D.Pa.1977); Cardwell v. Russo, 40 Conn.Sup. 162, 484 A.2d 487, 488 (1984) (dicta); O'Neil v. Bergan, 452 A.2d 337, 344-45 (D.C.1982); Gorovitz v. Planning Board, 394 Mass. 246, 475 N.E.2d 377, 379-80 (1985); Borman v. Borman, 378 Mass. 775, 393 N.E.2d 847, 856 (1979); Oppenheim v. Azriliant, 89 A.D.2d 522, 452 N.Y.S.2d 211, 212 (App.Div.1982).
 
 
 6
 Further, the American Bar Association's recently adopted Model Rules of Professional Conduct make clear that the lawyer-as-witness disciplinary rules would not preclude Frascona from being represented by his partner.[2]
 
 
 7
 We agree with the Second Circuit that the cited disciplinary rules are designed principally for two situations: (1) when a lawyer acts as both attorney and witness, and (2) when trial counsel's law partner is a witness but not a party. See Bottaro, 680 F.2d at 897. The rules prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as advocate by virtue of having taken an oath as witness, as well as the uneasy situation that arises when an opposing counsel must impeach on cross-examination another lawyer-adversary. Id.
 
 
 8
 "These purposes are not implicated when a lawyer is a litigant as well as a witness, but not an advocate, even though a member of his or her firm is trial counsel. The role of the lawyer-litigant-witness is confined to testifying and his or her interest in the outcome of the litigation is clear to the trier of fact. No confusion of role or undue enhancement of advocacy results where the lawyer-witness' lack of disinterestedness is evident from his or her status as a party-litigant."
 
 
 9
 Id.
 
 
 10
 The Supreme Judicial Court of Massachusetts has addressed the same concern as follows:
 
 
 11
 "DR 5-102 regulates lawyers who would serve as counsel and witness for a party litigant. It does not address that situation in which the lawyer is the party litigant. Any perception by the public or determination by a jury that a lawyer litigant has twisted the truth surely would be due to his role as litigant and not, we would hope, to his occupation as a lawyer."
 
 
 12
 Borman, 393 N.E.2d at 856 (emphasis in original).
 
 
 13
 We believe that important Sixth Amendment right to counsel principles are at issue in this situation. Frascona has an unquestioned right to self-representation. See 28 U.S.C. Sec. 1654. A corollary to that right is the right of representation by counsel of his choosing. Frascona should not be deprived of this right simply because as a lawyer he is subject to Disciplinary Rules 5-101(B) and 5-102(A). Nothing in the record submitted to us indicates that Frascona will play any role as advocate in this case if he is given the right to have his lawyer-partner represent him. Nothing appears to indicate that his partner will have to be a witness or will serve in anything other than an ordinary advocate's role. We think that American lawyers would be shocked, and properly so, by an interpretation of the ethics rules that would prohibit them from hiring their law partners to represent them as party litigants simply because they might have to testify in the lawsuit.
 
 
 14
 The writ is granted. The trial court is instructed to permit Frascona's law partner to serve as his counsel in the trial of the underlying cause unless some reason other than his status as Frascona's law partner exists to merit disqualification.
 
 
 15
 IT IS SO ORDERED.
 
 
 
 [1]
 The Rules that currently govern Colorado lawyers read as follows:
 "DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
 * * *
 (B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
 (1) If the testimony will relate solely to an uncontested matter.
 (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
 (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.
 DR 5-102 Withdrawal as Counsel When the Lawyer Becomes a Witness.
 (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4)."
 
 
 [2]
 Rule 3.7(b) provides that "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [pertaining to conflict of interest with present clients] or Rule 1.9 [pertaining to conflicts with former clients]." See 52 U.S.L.W. 19 (Aug. 16, 1983). Neither Rule 1.7 or 1.9 applies in the instant case. See generally G. Hazard & W. Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct 403-09 (1985) (describing circumstances in which Rule 3.7 applies). Consequently, under Model Rule of Professional Conduct 3.7(b) Frascona's representation by his partner clearly would be immune to challenge