ORFINGER, Judge.
This action involved a dispute between the buyers and sellers of a parcel of real estate as to the entitlement to a $15,000 deposit after the deal fell through. The jury found that the buyers had breached the contract and that the sellers were entitled to the deposit. There is sufficient competent evidence to support the verdict, so we affirm.
One sub-issue, however, deserves comment. One of the sellers, appellee Thomas Drage, Jr., is an attorney, and was represented in this action by members of his law firm. At trial (and on appeal), the buyer argued that because Drage testified on his own behalf, his law firm should have been required to withdraw as counsel,[1] and that the court below committed reversible error *619 in refusing to so order. We reject that contention.
Appellant relies on Omni Developments, Inc. v. Porter, 459 F.Supp. 930 (S.D.Fla.1978) which clearly supports his position on this issue, but we find that decision unpersuasive. Omni has been considered and rejected by other federal courts. See e.g. Skeen v. Chase Manhatten Bank, 768 F.2d 1194 (10th Cir.1985); Theobald v. Botein, Hays, Sklar & Herzberg, 465 F.Supp. 609 (S.D.N.Y.1979).
The analysis of the problem offered by the Tenth Circuit in Skeen is persuasive, and is the correct interpretation of the disciplinary rules involved:
We agree with the Second Circuit [in Bottaro v. Hatton Associates, 680 F.2d 895 (2d Cir.1982) ] that the cited disciplinary rules are designed principally for two situations: (1) when a lawyer acts as both attorney and witness, and (2) when trial counsel’s law partner is a witness but not a party. See Bottaro, 680 F.2d at 897. The rules prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as advocate by virtue of having taken an oath as witness, as well as the uneasy situation that arises when an opposing counsel must impeach on cross-examination another lawyer-adversary. Id.
“These purposes are not implicated when a lawyer is a litigant as well as a witness, but not an advocate, even though a member of his or her firm is trial counsel. The role of the lawyer-litigant-witness is confined to testifying and his or her interest in the outcome of the litigation is clear to the trier of fact. No confusion of role or undue enhancement of advocacy results where the lawyer-witness’ lack of disinterestedness is evident from his or her status as a party-litigant.”

Id.

[[Image here]]
We think that American lawyers would be shocked, and properly so, by an interpretation of the ethics rules that would prohibit them from hiring their law partners to represent them as party litigants simply because they might have to testify in the lawsuit.
768 F.2d at 1195-1197.
DR 5-102 regulates lawyers who would serve as counsel and witness for a party litigant. It does not address the situation in which the lawyer is the party litigant. Since the lawyer/litigant could certainly represent himself in the litigation, there is no ethical problem involved in having a member of his law firm represent him.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. Appellant relies on Florida Bar Code of Professional Responsibility, Rule DR 5-102 which provides:
(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the ■representation until it is apparent that his testimony is or may be prejudicial to his client.