**John W. DeCAMP, Plaintiff,**

v.

**DOUGLAS COUNTY FRANKLIN GRAND JURY, et. al., Defendants.**

**No. CV 90–L–345.**

United States District Court, D. Nebraska.

Oct. 24, 1990.

John W. DeCamp, Lincoln, Neb., pro se.

Robert M. Spire, Atty. Gen., Susan M. Ugai, Asst. Atty. Gen., Knudsen, Berkheimer, Richardson & Endacott, Richard A. Knudsen, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

Pending before the court is a motion by Terry C. Dougherty, a defendant in this action who is a practicing attorney, seeking a determination from this court as to whether he may retain his own law firm to represent him in this case, filing # 11.

The question presented by this motion is whether an attorney-defendant, who expects to testify at trial in the litigation, is barred by the Code of Professional Responsibility[1] from retaining his own law firm to represent him in litigation. Specifically, resolution of this motion requires analysis of the interrelationship between 28 U.S.C. § 1654, which grants the right to any litigant to either self-representation or the right to be represented by counsel of his or her own choosing, and, under these circumstances, DR 5–101(B)(1)–(4) and DR 5–102, which limit situations in which an attorney and his or her firm may accept or continue representation when that attorney may be called as a witness in the litigation at issue.

28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by rules of such courts, respectively, are permitted to manage and conduct causes therein.

Disciplinary Rule 5–101(B) of the Model Rules of Professional Responsibility states:

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5–102 states, in relevant part:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

In the present case the defendant Dougherty anticipates that he may be called as a

---

1. This court's Local Rule 5 B states that the "standards of conduct of this court shall be those prescribed by the Code of Professional Responsibility adopted by the Supreme Court of Nebraska and any amendments thereto or any standards set out in these rules."

witness in a trial of this matter. There is no indication from the defendant that any of the exceptions set forth in DR 5–101(B) will be applicable. The defendant wishes, however, to retain members of his law firm to represent him in this matter, an action which a strict application of 5–101(B) or 5–102(A) seemingly may forbid.

Most courts which have addressed these specific factual situations, where a lawyer-litigant who may be a witness in the case retains members of his firm to be his advocate at trial, have concluded that Rules 5–101 or 5–102 do not bar such representation. In *Bottaro v. Hatton Associates*, 680 F.2d 895 (2nd Cir.1982), the court addressed a factual setting wherein a plaintiff-attorney, as one of several plaintiffs who were holders in a limited partnership, was represented by his law firm in a federal securities action. The court first noted that DR 5–102 "impacts principally upon two situations:"

> 1) where a lawyer acts both as a witness and as an advocate, and 2) where trial counsel's law partner is a witness but not a party.

*Id.* at 897. The court then noted the purposes behind the lawyer-witness rule of DR 5–102:

> DR 5–102(A) serves the threefold purpose of avoiding: 1) a situation in which "the public might think that the lawyer [as witness] is distorting the truth for the sake of the client," 2) the possibility that the lawyer will enhance his or her credibility as an advocate by virtue of having taken an oath as a witness, and 3) the "unfair" and "difficult" situation which arises when an opposing counsel must cross-examine a lawyer-adversary and impeach his or her credibility.

*Id.* (*quoting International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1294 (2nd Cir.1975)).

In discussing the lower court's order requiring withdrawal of the attorney-litigant's firm,[2] the Second Circuit held that the objectives sought in the Code's provisions forbidding a lawyer to act as trial counsel as well as witness for his or her client are inapplicable in situations where the "lawyer is a litigant as well as a witness, but not an advocate, even though a member of his firm is trial counsel." *Id.* at 897.

> The role of the lawyer-litigant-witness is confined to testifying and his or her interest in the outcome of the litigation is clear to the trier of fact. No confusion or undue enhancement of advocacy results where the lawyer-witness' lack of disinterestedness is evident from his or her status as a party-litigant.

*Id.* In essence, the court held that DR 5–102(A) was inapplicable to situations such as that presented here.

The Tenth Circuit, in *In re American Cable Publications, Inc.*, 768 F.2d 1194 (10th Cir.1985), relied upon the *Bottaro* opinion when it held that a lawyer-defendant was not barred by 5–101(B) or the related provision 5–102(A) from hiring his own law partner to represent him in a dispute arising out of contractual dealings. The court also quoted from a Massachusetts case, *Borman v. Borman*, 378 Mass. 775, 393 N.E.2d 847 (1979), wherein that court held:

> DR 5–102 regulates lawyers who would serve as counsel and witness for a party litigant. It does not address that situation in which the lawyer *is* the party litigant. Any perception by the public or determination by a jury that a lawyer litigant has twisted the truth surely would be due to his role as litigant and not, we would hope, to his occupation as a lawyer.

*American Cable*, 768 F.2d at 1196 (*quoting, Borman* 393 N.E.2d at 856) (Emphasis in original). *See also, Ramsay v. Boeing Welfare Benefit Plans Committee*, 662 F.Supp. 968 (D.Kan.1987) (Law firm with which plaintiff's wife was associated as an attorney need not withdraw as counsel for

---

**2.** The circuit court's discussion regarding the lower court's order requiring withdrawal of the firm from representing the plaintiff-lawyer in the case is arguably dicta in that on appeal the only issue raised before the court was whether the firm could represent all of the other plaintiffs in the case.

plaintiff even if attorney/wife may be called as a witness).

I also note that concerns over credibility confusion and perceptions of fairness are arguably less crucial in non-jury cases such as this, where the trier of fact will be the court itself. At least one court noted this factor by footnote discussion of this issue as to an attorney *pro se* litigant. In *Duncan v. Poythress*, 777 F.2d 1508 (11th Cir. 1985), the court, in its discussion of whether an attorney *pro se* litigants were entitled to attorney's fees pursuant to 42 U.S.C. § 1988, noted in dictum that the ethical canons do not prohibit an attorney from representing herself in litigation, and further stated that DR 5–102's advocate-witness rule is not applicable to attorney *pro se* litigants. One of the factors considered by the court was the fact that "a judge was the trier of fact, thus, there was no danger that the trier of fact could not distinguish between testimony and advocacy." 777 F.2d at 1515 n. 21.

Finally, the Advisory Committee of the Nebraska State Bar Association has, in Formal Opinion No. 74–6, addressed a similar question as that presented here and reached a result consistent with that of the caselaw cited above. In that opinion the committee stated:

> Members of the same law firm may properly represent and appear as personal counsel on behalf of a partner of the law firm in an action against such partner involving an alleged breach of his fiduciary duty while serving as a director of a corporation even though such partner would be a witness on his own behalf during the trial, provided the lawyers for the defense complies [sic] with the code of professional responsibility.

After concluding that the lawyers representing their partner are in much the same position as those who might represent a family member, and as such it may or may not be a "wise decision," the committee went on to state:

> It would seem therefor [sic] that the partner in trouble is the client and he would have the same right as any other client to choose his lawyers to defend him. If he chose some of the other members of the partnership to represent him such partners would owe the same duty to the partner in trouble as they would to any other client and such partners as defense lawyers would owe the same duties of professional responsibility that they would owe to any other client, to the court, and to the Plaintiff and his counsel.

Review of the relevant caselaw, as well as the Advisory Committee Opinion No. 74–6, leads me to the conclusion that DR 5–101 and 5–102 are inapplicable to the situation raised by this defendant. Those rules contemplate an attorney who would be acting as both an advocate and a witness in the same proceeding, and the objectives forwarded by those rules are not relevant to situations where an attorney is merely a litigant in an action and plays no role as an attorney-advocate. As noted by the Tenth Circuit in *American Cable, supra*, 28 U.S.C. § 1654 gives any person the "unquestioned right to self-representation," and as a "corollary to that right is the right of representation by counsel of his [or her] choosing." 768 F.2d at 1196. Thus, as in *American Cable*, where an attorney-litigant will play no role in a trial as an advocate, and members of his firm will be merely his advocates and not witnesses in the trial, I conclude that neither DR 5–101(B) or 5–102(A) bar the defendant Dougherty's law firm from representing him in this matter.

IT IS THEREFORE ORDERED that the defendant's motion to allow defendant's law firm of Knudsen, Berkheimer, Richardson, & Endacott to represent him in this action, filing # 11, is hereby granted.