11JONES, Judge.
Plaintiff, Deborah Farrington, in this writ application seeks review of the trial court’s denial of her motions to stay her deposition and for a protective order.
Plaintiff filed the present legal malpractice action against defendants Sessions & Fish-man, Jack Alltmont (Alltmont), Alan D. Ez-kovich (Ezkovich), and Mark A. Fullmer (Fullmer) alleging that they breached then-responsibility to avoid conflicts of interest. Plaintiff argues that the defendants represented her in several matters relating to her interest in Town-and Country, Inc. (Town and Country). Plaintiff was a shareholder, director and officer of Town and Country. The defendants were the attorneys hired to handle transactional matters for the corporation. In addition, the defendants/attorneys represented Roger Cope, plaintiffs co-owner of Town and Country, in a dispute over the use of corporate funds. In fact, the defendant attorneys filed a lawsuit on behalf of Town and Country against the plaintiff.
*449 hWhen it became apparent that the same attorneys who handled the corporation’s affairs were going to handle the present litigation, plaintiff filed motions to stay her deposition and for a protective order seeking to disqualify these attorneys from representing themselves and the law firm in the present litigation. After a hearing, the trial court denied the plaintiffs motions. Plaintiff subsequently filed a writ application with this court. We granted her writ, indicating that defendants’ “continued role as advocates in this legal malpractice cause of action, relative to that dispute, is violative of the Louisiana Rules of Professional Conduct. La.R.S. 37, Chpt. 4-App., Rule 3.7(a).” Defendants subsequently filed an Application for Writs of Certiorari or Review with the Louisiana Supreme Court. The Supreme Court granted the writs and remanded the case to this Court to specifically address the issue of whether Rule 3.7(a) of the Rules of Professional Conduct should preclude a lawyer from representing himself and testifying as a party litigant. After carefully reviewing the briefs submitted by the parties, and the law relative to this issue, we find that the trial court erred in denying the plaintiffs motions for stay of deposition and protective order.

DISCUSSION

Plaintiff argues that the trial court erred in denying her motions to stay deposition and for a protective order. She contends that defendants Alltmont and Ezko-vich, as well as the law firm of Sessions & Fishman, should be disqualified as counsel of record since their representation is violative of Rule 3.7 of the Louisiana Rules of Professional Conduct. We agree. Rule 3.7 prohibits attorneys from acting as advocates in trials in which they are likely to be called as witnesses. It provides:
(a)A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
| ⅞(1) The testimony relates to an uncontested issue;
(2)The testimony relates to the nature and value of legal services rendered in the case; or
(3)Disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer’s firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.
In Roy v. Gravel, 570 So.2d 1175 (La.App. 3rd Cir.1990), writ denied, 573 So.2d 1118 (La.1991), our brethren on the Third Circuit affirmed the trial court’s ruling preventing the plaintiff/defendant in reconvention, an attorney, from representing himself. The plaintiff argued that the trial court abused its discretion in not allowing him to represent himself and his law corporation at trial. The Third Circuit noted that the plaintiff was the most important witness for his case and therefore was precluded by Rule 3.7 from representing himself. The court concluded that the plaintiff did not show that his disqualification would create a substantial hardship.
In the present matter, defendants argue that plaintiff, by invoking Rule 3.7 of the Louisiana Rules of Professional Conduct, is seeking to prevent them from exercising their right to self-representation. They claim that this matter is distinguishable from Roy because that case did not address the issue of whether Rule 3.7(a) precludes a party-litigant from representing himself. We disagree. Although the predominant issue in Roy pertained to the nature of the agreement between the partners, the court also addressed the propriety of appellant acting as counsel for his law corporation. Appellant sought to invoke the exception to Rule |43.7 by claiming that his disqualification worked a substantial hardship on the law corporation. The Third Circuit disagreed with this rationale and asserted that he was in fact the most important witness to this case. Recog *450 nizing the principles of Rule 3.7 that “a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness,” the Third Circuit found no abuse in the trial court’s disallowing appellant to represent himself and the corporation. 570 So.2d at 1182.
Rule 3.7(a) of the Louisiana Rules of Professional Conduct, which is modeled after Rule 3.7 of the American Bar Association Model Rules of Professional Conduct, only prevents defendants from acting as advocates in the ensuing litigation. It does not, however, infringe upon their right to self-representation. Various courts have recognized the distinction in addressing the applicability of Rule 3.7.
In Norman Norell, Inc. v. Federated Department Stores, Inc., 450 F.Supp. 127 (S.D.N.Y.1978) the court noted the following:
Because in a very real sense Manning is both party and attorney in this action, the court finds that his position is closely akin to that of a party acting pro se, a role sanctioned without restriction upon the freedom to testify and to advocate as well. The total loss of Manning’s services as attorney to herself in effect as client would represent the loss of distinctive services indeed, for it can be expected that he will pursue this matter with unique loyalty and diligence. Nevertheless, Manning is an attorney and as such he is bound by the Code. The compromise he has suggested hews to the Code’s ethical spirit without violence to the clients wishes, and it serves the interests of substantial justice to both parties in this action.
Therefore, it is ordered that the Manning firm be disqualified from acting as trial counsel for plaintiffs, but be permitted to pursue pretrial activities.
When the case is ready for trial, the firm of Manning & Carey is ordered to designate in the note of issue or pre-trial order, as the case may be, the individual or firm Iswhich will represent plaintiffs at trial and to take no active role in the courtroom conduct of the case.
450 F.Supp. at 131. (Emphasis added)
The law firm was consequently disqualified from acting as trial counsel but permitted to pursue pretrial activities. See also, World Youth Day v. Famous Artists Merchandising Exchange Inc., 866 F.Supp. 1297 (D.Colo.1994); Skeen v. Chase Manhattan Bank v. Gaston, 768 F.2d 1194 (10th Cir.1985); Bottaro v. Hatton Associates, 680 F.2d 895 (2nd Cir.1982).
The reasoning underlying Rule 3.7 is explained in the comments to the American Bar Association’s Model Rules of Professional Conduct. The ABA Comments state:
Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client. The opposing party has proper objection where the combination of roles may prejudice that party’s rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.
Annotated Model Rules of Professional Conduct, ABA, Rule 3.7, Comment at 386-87.
At trial, defendants Ezkovich and Alltmont will be called to testify about the crucial circumstances surrounding the merits of the plaintiffs allegations. If Mr. Ezkovich and Mr. Alltmont are allowed to proceed as they wish, they, and any other member from the firm of Sessions & Fishman, would be playing dual roles of advocate and witness.[1] Consequently, the potential for confusion between fact |6and legal argument is heightened. The purpose of Rule 3.7, as evidenced *451 by the comments, is to protect against the prejudice associated with such confusion.
Additionally, this case presents the unique situation wherein Rule 3.7 is implicated pursuant to alleged violations of Rules 1.7 and 1.9. Even assuming arguendo that Rule 3.7(a) does not disqualify defendants from self-representation since they are party-litigants, it does, however, prohibit them from proceeding as advocates in the litigation due to the possibility that a conflict of interest existed.
For these reasons, we find that the trial court erred in denying the plaintiffs motions. Defendants’ continued role as advocates in this legal malpractice cause of action, relative to that dispute, violates Rule 3.7(a) of the Louisiana Rules of Professional Conduct.
Accordingly, the plaintiffs writ application is hereby granted.

WRIT GRANTED.

LOBRANO, J., concurs.
ARMSTRONG, J., dissents for reasons assigned by PLOTKIN, J.
PLOTKIN, J., dissents.

. Since Rule 3.7 disqualifies Alltmont and Ezko-vich from acting as advocate and witness, Rule 1.10, the implied disqualification rule, disqualifies the entire firm. Rule 1.10 provides:
(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9, or 2.2.
See also, Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3rd Cir.1968), writ refused, 253 La. 60 216 So.2d 307 (1968).