[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
The defendant herein, JoAnne L. Allen, Administratrix of the Estate of John P. Allen has moved to disqualify the law firm of Pepe and Hazard as counsel for the plaintiff Sandra Lovelace, Trustee. The defendant contends that it is a conflict of interest for the law firm to represent the plaintiff both in her capacity of Trustee of the Trust created by her father James F. Allen and also as a beneficiary of the Trust. There is another action pending in this court wherein Sandra Lovelace Trustee is the defendant and a similar motion has been filed in that case.
The litigation herein arises out of a Trust Agreement created by the father of the plaintiff and the defendant's decedent. At the time the trust was created James F. Allen owned and operated a marina known as Spencer's Marina and related real property adjacent thereto used in conjunction with the marina operation. John P. Allen, the decedent, and Irma Allen the wife of James F. Allen were originally named as Trustees along with an independent third person. According to the terms of the CT Page 9374-ak trust, the income from the marina and the real property used in conjunction therewith was to go to his widow Irma Allen during her lifetime and thereafter the marina and adjacent property was to go to John P. Allen outright and separate from any expenses incurred by the estate. The transfer to John P. Allen has not occurred to date. Subsequent to the death of Irma Allen she was succeeded as Trustee by Sandra Lovelace her daughter and brother of John P. Allen. It was at this time that Sandra Lovelace engaged the services of Pepe and Hazard to represent her in her dual capacities as Trustee and as a beneficiary of the trust. As a result of this engagement they began to assist Sandra Lovelace in her involvement as a trustee succeeding her mother. It was at this time that they began to inquire into the handling of the trust by John P. Allen during his tenure as a trustee.
Claims ensued regarding the handling of the trust by John P. Allen. Serious efforts to settle these claims ensued covering a period of two years. During this period Pepe and Hazard in addition to representing Sandra Lovelace as trustee also represented her in "ministerial" matters as a beneficiary of the trust. These matters appear to relate to distributions from the trust.
During this period of time, John P. Allen continued to operate the Marina and the real property adjacent and relative thereto, It is alleged that the trust could not at that time distribute the Marina and the real property relative thereto until the trust has been made whole with respect to the alleged breaches of the fiduciary duties of John P. Allen. Jay S. Allen also a sibling and a beneficiary of the trust rejected the settlement.
Shortly thereafter John P. Allen expired and JoAnne L. Allen was appointed as the Administratrix of his estate. As Administratrix of John P. Allen's estate, JoAnne L. Allen stands in the shoes of John P. Allen and must account for his activities as a trustee of the James P. Allen Trust.
All efforts to resolve this dispute have failed resulting in the claims made against the Estate of John P. Allen. It is the commencement of this action that gives rise to the efforts of defendant's counsel to disqualify Pepe and Hazard alleging that their representation of Sandra Lovelace in her dual capacity as a trustee and as a beneficiary of the trust constitute a conflict of interest calling for their disqualification.
"Three competing interests are at stake in a motion to disqualify. CT Page 9374-al `They are the defendant's interest in protecting confidential information from disclosure to the plaintiff, the plaintiffs interest in freely selecting counsel of its choice, and the public's interest in the scrupulous administration of justice.'" Goldenberg et al v. CorporateAir, Inc., 189 Conn. 504, 507, Knights of Columbus Credit Union v.Salisbury, 3 Conn. App. 201, 204.
Counsel for the plaintiff indicate that they have consulted with her explaining to her the pros and cons of her being represented by the same law firm both as the Trustee and also as a beneficiary of the trust. Following this consultation, she freely elected to have them represent her on both capacities.
Rule 1.7(b) of the Rules of Professional Conduct relating to a Conflict of Interest states that:
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person . . ., unless;
 (1) The lawyer reasonably believes the representation will not be adversely affected, and
 (2) The client consents after consultation, when representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation, and the advantages and risks involved.
In the Commentaries following Rule 1.7 we find the following statement, "On the other hand common representation of persons having similar interests is proper if the risk of adverse effect is minimal and the requirements of subsection (b) are met."
Under the heading "Conflict Charged by an Opposing Party" we find the following colloquy "Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation . . . Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment."
The Commentaries under the heading "Loyalty to a Client" states that: CT Page 9374-am "A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and if it does whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. Consideration should be given to whether the client wishes to accommodate the other interest involved."
"In determining whether to disqualify an attorney when continued representation may result in a violation of a disciplinary rule, a court must balance the risk of violation and its consequences against the defendant's right to counsel of his choice. If there is an actual violation or there is a substantial likelihood that a disciplinary rule will be violated, the court must disqualify the attorney." State v.Rapuano, 192 Conn. 228, 232-33, Caldwell v. Russo, 40 Conn. Sup. 162, 165
(1984).
In the present case however, the dual capacities are as a trustee who is acting in a fiduciary capacity for the benefit of the beneficiaries of the trust. "One of the most fundamental duties of the trustee is that he must display throughout the administration of the trust complete loyalty to the interest of the cestui que trust. He must exclude all selfish interest and also all consideration of . . . third persons." Hall v.Schoenwetter, 239 Conn. 553, 559. (Internal quotations excluded.)
It would appear therefrom that the obligations or interests of the trustee are and must be for the benefit of the beneficiaries and as such would not ordinarily be in opposition to one another. In addition, the plaintiff after being consulted with has agreed to the dual representation. The Motion to Disqualify is denied.
CURRAN, J.T.R.
CT Page 9375